## JOHN RANDEL, Jr. *vs.* BENJAMIN WRIGHT.

A variance between a contract alledged and one offered in evidence, is fatal; and this, whether the action be upon the contract or in *tort* arising out of it.
Distinction between allegation of an instrument by its *tenor* and by its *substance.*
The court will not reserve a *clear* point for argument before all the judges however *important* the point may be, in the particular case.

TRESPASS on the case. Pleas, Not guilty and Act Limitations. Issues.

This was an action on the case by John Randel, Jr., a contractor on the line of the Chesapeake and Delaware Canal against Benjamin Wright, the chief engineer of that Company, for a series of injuries alle.lged to have been done maliciously and intentionally, by the deft. upon the plff. The contract between the plff. and the Canal Company, constituted the deft. in certain matters, an umpire between the parties, and gave to him extensive powers in the general superintendence, direction and management of the work. The declaration charged that the deft. instead of acting impartially, and in good faith between the parties, was actuated throughout by the malicious motive of ruining the plff., who was a rival engineer; and, under the influence of this motive, that he intentionally and maliciously did sundry acts, specified in the declaration, to harrass and embarrass the plff. in the execution of the work, and finally by misrepresentation, induced the Company to declare their contract with plff. abandoned, and his contract forfeited. The damages were laid at one hundred thousand dollars.

The plff. offered in evidence the contract between him and the Canal Company. (*See this contract set out in Randel* vs. *Chesapeake and Delaware Canal Company, post* .) It was objected to.

*Frame,* for deft.

We object to the reading of this contract in evidence, because it is totally different from the contract set forth in the declaration. It is all important to the plff's. cause of action, and any material variance will be fatal. I will point out some of the most prominent variances between this contract, and the one declared on. 1st. The contract is for excavating the Chesapeake and Delaware Canal; the contract declared on is for excavating the Delaware and Chesapeake Canal. 2nd. The contract in fixing the pay, refers to an estimate made by Randel; and agrees to give him such pay as is set down in *said* estimate; the narr sets out an agreement to pay as set down in *an* estimate made by Randel. This is too indefinite and general; it is at least different from the real contract. 3rd. The contract authorizes a *change* of the rate of payment. The narr has it "a charge of the rate of payment." 4th. In relation to a revision of the rates and a difference between the parties, the contract declares, that the estimate of Wright *when certified,* should be conclusive. The narr sets out that the estimate of Wright should be conclusive, without noticing the certificate. This is a substantial and material part of the contract omitted in the narr. 5th. The certificate and determination that the work is abandoned, avoids the contract according to its terms "*except to pay as aforesaid, for work already done.*" This exception is entirely omitted in the narr. 6th. Contract. In case Randel should be prevented "from entering upon *or* flooding lands." Narr. In case he should be prevented "from entering upon flooding lands." 7th. In the same clause, the words "that in case' contained in the contract, are omitted in the narr. 8th. The schedule of prices. The narr professes to set out this in words and figures. In the third line the narr omits the word *yard,* stating it 10 cents per *cubic,* for excavation. The word "section" is used for *station;* "plan" for *place;* "drains" for *back-drains;* "station No. 166" for *station No.* 116. The contract offered in evidence, fixes the

price from 70 feet and downwards at 61 1-10 cents; the contract de‐ clared on fixes it for the same excavation, at 61 1-20 cents. The former allows 13 cents per yard, where there is a *deficiency* of ex‐ cavation to form the towing path; the latter allows the 13 cents per yard, where there is a "deepening" of the excavation, &c.

It may be said that this contract is set out only by way of induce‐ ment, and in an action sounding in tort, and not upon the contract. This is not so if it were material to make the distinction, for with‐ out this contract there is no ground of action. Without it there ex‐ ists no kind of privity or connection between either Randel and the Canal Co., or Randel and Wright. But, suppose it be only an aver‐ ment by way of inducement, still the party is bound to prove its substance and legal effect: and that notwithstanding this is an action on the case sounding in tort. You need not set out the whole of an instrument but only its legal effect: but if you do set out unnecessa‐ ry parts, you must prove them. 2 *Doug.* 665; *Bristow* vs. *Wright.* Irrelevant matter, that which may be struck out on motion without affecting the ground of action, need not be proved. The distinction is between irrelevant and immateral averments. Immaterial aver‐ ments are such as though they need not have been set out, are so connected with the ground of action, that they cannot be struck out without destroying it, and must be proved. 2 *East*, 452, *William‐ son* vs. *Allison.* The contract is an entire thing, and if you fail to prove it as laid, you fail to identify it. The whole contract here is one averment; not divisible into branches: unless the whole of this averment may be stricken out it must be proved. The proof must correspond with the statement. A material averment, though laid as inducement, must be proved; and the form of the action makes no difference. 12 *East*, 452; 2 *Stark. Evid.* 352-3-4; 3 *do.* 1548, 7 *Cranch*, 208. This is the proper mode of making the objection. Vide also, 12 Com. L. R. 223. 6 *T. R.* 771; 1 *do.* 235; 5 Com. L. R. 180.

*Read, Jr.*, for plff.

This is an action of tort between two persons; having no origin in contract between them, but in which, as the merest matter of induce‐ ment, it became proper to set out a contract between one of them and a third party, in order to show the relative situation of plff. and deft. No cause of action is founded on this contract, or grows out of it, either as against the Company or the deft. It is for the torts of the engineer totally distinguishable from any matter of contract. In what manner therefore, is the relation of the parties affected by the clerical errors pointed out.

Examines these to show that they are unimportant. 1st. The name of the Canal Co. It follows a correct statement of the name, and is immaterial. 2nd. The reference to *the* estimate is the same with the *said* estimate. No other estimate is spoken of. 3rd. "Charge" for *change;* it is doubtful in fact, which word is used. 4th. In relation to a revision of the contract; "when certified" left out in the narr. How is this material. It was a stipulation between Randel and the company, and can have no bearing as between these parties. 5th. Contract avoided "except to pay as aforesaid, for work already done." These words omitted. It was only necessa‐

ry for us to set out so much of this part of the contract as shows that the Canal Co., had the power to declare the work abandoned. The consequences of this act of the company as between these parties, are irrelevant and immaterial. For if the company had the power to put an end to this contract, and did put an end to it on the fraudulent certificate of deft., it is enough for the purposes of this action, whatever may have been the consequence of the abandonment as between the plff. and the Canal Co. Being therefore, immaterial in this cause, it need not have been set out. 6th. The use of the word "or" for *and*. Does not alter the meaning. 8th. The omission of the word *yard* after cubic. The sense supplies it. The subject spoken of is yards per cubic measure, and the narr gives the price at so much per cubic. 9th. "Section" for *station*. It is precisely the same thing as here used. Up to station No. — is the termination of the section, and either form of expression designates the same extent of the canal. 10th. "Planed" for *placed*. The sense makes it plain. 11th. "Drains" for *back-drains*. There are no other drains than back-drains, and the repetition of the word back, is unnecessary. 12th. The variance in the price between 61 1-10 and 61 1-20 is wholly immaterial, as between these parties; and as the sum for the whole section is fixed, it could make no difference in the final calculation. 14th. "Deepening" for *deficiency;* an insensible word, which may be struck out without affecting the contract, and immaterial as between these parties.

But as to the general principles. These actions on the case may be divided into three classes; 1st, where the plff. seeks his remedy on the contract, as against the person who is a party to that contract. This is the strictest class in regard to proof of averments. Here the law insists on the utmost strictness, but not the strictness of the criminal law. 2nd. Where the action assumes more the aspect of a tort, yet is founded entirely on the contract, as in actions for warranty. Here though the action is for the tort, it is essentially grounded on the contract; and this is the class of cases cited on the other side. 3 *Burr. R.* 1586; 1 *T. R.* 447. Third class embraces cases like the present. When the complaint is for a tort unmixed with contract, and not founded in any shape on contract, where there is no privity through the contract between plff. and deft., but where the contract is alluded to only by way of inducement, to inform the court out of what circumstances the tort arose. The contract here, is totally immaterial to the issue joined; the deft. is not a party to it, nor bound by any one of its stipulations; and it is alluded to only to show a relative position of these parties, out of which the wrong arose.

*Starkie,* in *p.* 1548, is speaking of torts founded on the contract. See the note a reference to Mass. Rep. The doctrine in Bristow *vs.* Wright, *(Douglass,* 665.) *must* be confined to contracts. 3 *T. Rep.* 643.

*Rogers,* for plff.

The argument on the other side and the authorities go upon the supposition, that we have assumed to set out this contract by its tenor. We have assumed to set it out only according to its substance and legal effect. The cases are very different. A party need not

set out the whole of a contract; even in actions on the contract. 3 *Moore,* 214; 4 *C. L. R.* 431; 1 *Stark.* 294; 2 *C. L. R.* 396.

The most, and the most material variances alledged here, are nothing more than *omissions.* The others are mere verbal criticisms not affecting the sense. In 5 *T. Rep.* 497, *Pippin* vs. *Solomons,* Buller says he is aware that the doctrine in *Bristow* vs. *Wright,* has been doubted. He again qualifies the decision there in *Gwinnet* vs. *Philips.* Bond averred in substance to "Lord Viscount Gave." Variance, "Ld. V. Gave." Held good enough. Debt on bond— "to pay to att'y." Variance, "to pay to the party." Held good. 2 *Str.* 909, *King* vs. *Morris.* Judgment against "Urghart." Proof of a judgment against (blank.) Held good.

The objections urged here would seem rather to apply to cases of criminal proceeding: and, even in these cases, the omission of words has been held not to vitiate; as in the omission of the word "despaired;" whereby his life was greatly (despaired) of; the use of the word "undertood" for *understood,* &c. *Phil. Ev.* 166, *note* 6. A narr stating that differences existed between six persons, may be proved by a bond reciting differences between the three first, and three last. 5 *C. L. R.* 312, *Cockrel* vs. *Gray*; 7 *Com. L. R.* 403. Debt on bond to pay in twelve *calendar* months. The narr omitted the word "calendar" and held good—though the law means lunar, and not calendar months, when months are spoken of generally.

*J. M. Clayton,* for plff., stated, that though not regularly the counsel of plff. in this cause, he was counsel in another cause nearly allied to it, and now on the list. Without designing to enter at large into the points that have been debated, he would ask leave to suggest another matter for consideration, and to submit a motion in relation to this case. Under the old constitution, the courts have in some cases, allowed amendments at this stage of the proceedings; in other cases they have refused it. We think it a proper occasion for finally settling the doctrine of amendments, and we submit that the best form in which it can be settled, is upon argument in the court in bank. This is an exceedingly important case, in reference both to the parties and to the principles in dispute, relative to the pleadings. In any event of a decision—certainly if against the plff., there will be a bill of exceptions; and, in that case, we should go to a Court of Appeals, consisting of the Chancellor *(Johns,)* and resident Judge *(Black,)* both of whom have been of counsel in this case on opposite sides, and who have therefore, prejudged it, and one of the judges here who must have prejudged it. From these circumstances, and from a wish to have the important points here contested, fully argued before all the judges, we move the court to save the point in relation to the admissibility of this contract in evidence for hearing in the court in bank.

*Bayard,* for deft., opposes the reservation of this question for a court in bank. I deny that there is any question of law in this case doubtful, or deserving of more than a moment's consideration by any lawyer. If there be any doubt, it is in the application of a plain question of law, rather than the decision of a doubtful question. But the exercise of this discretion by the court in saving points *could* in

no event do the other side any good. It is not possible for the court ever to render a judgment on this narr. It is a narr that would shame a tyro; and I take the liberty of saying so, because it was not filed by my friends on the other side. There is no allegation of *special* damage throughout this narr. Not a syllable in it that affirms that Randel ever stuck a spade in the canal, or did an hour's work upon it. It is not even set forth that the company have declared the contract forfeited. He *must* therefore be nonsuited in any event, whether the contract be admitted or excluded. But we stand in this situation. We find a cause here which, upon the pleadings, we see it is impossible for the plff. to succeed with, and we tell our client, as we have told him, not to go to the expense of summoning witnesses; that he needed no other defence to such a declaration than the poor abilities of his counsel; and thus, with a plain case before the court, they are asked to save a point and send us to a jury unprepared as it regards facts, because we relied, as we had a right to do, on the law. But the good of the community forbids the reservation of this point. There are thirty or forty causes now waiting for trial, and we are asked to consume another week in the trial of a cause the final determination of which, against the plff., is absolutely certain. The question of amendment at this stage of the proceedings I shall not argue, and this court refused to hear it argued at its late session in Sussex. I proceed then to the cause.

The principles of pleading are founded on sound reason, justice and expediency. They are approved by sound policy, and tend to the more speedy and certain administration of justice. It has been the reproach of Lord Mansfield, that he was too much of a civilian; too apt to look beyond the technical rules in the confused and uncertain search after the justice of the particular case. Yet we will place this cause on Lord Mansfield's opinion.

Wherever you set out a contract you must set it out truly, in substance at least, and prove it as stated; and this, whether the action be upon the contract, or for a tort arising out of it. If a party does not choose to set out a contract in substance, he may plead it by the tenor, and it then becomes matter of description, and must be proved strictly as laid. The matters set forth may be material, immaterial or irrelevant. The first *must* be set out; the second need not be; but, if set out, it must be proved as stated: the third need not be pleaded; and, if pleaded, need not be proved. It may be struck out on motion. And in either of the first cases the question of variance may be raised on an objection to the evidence. If a contract be set out by the tenor, the party is held to half a letter. The reason is, he thus makes it matter of description, and the slightest variance destroys the identity. The amount of the cases is, that *any variance* where the party sets out by the tenor is fatal; and neither the form of action, nor the materiality of the part set out makes any difference. A part, at least, of this contract, the schedule, is set out, and so professes to be, *in hæc verba*, by its tenor. 12 *East*, 452; *Stark.* 1548; 6 *T. R.* 771; 2 *Doug.* 665; 2 *B. & Pul.* 463; 12 *C. L. R.* 223; 4 *T. R.* 611; *Gordon* vs. *Austin; Hoare* vs. *Mill;* 4 *M. & Selw.*

If this be a case of the third class stated by Mr. Read, so entirely

distinct from contract, and where none need be alledged to found the action upon: if it be for a mere tort unconnected with contract, why urge the admission of this contract in evidence? I dismiss, therefore, this class, stating generally that in any action where it is necessary to set out a contract either by way of inducement or otherwise, it must be proved as stated.

Mr. *Bayard* then went into a particular examination of the variances in this case, applying to them the above general principles, and concluding that many of them were actually material as to the result of this case as affecting the question of damages; and that some of those occurring in the schedule, which was set out by the tenor, would be fatal if it had only been set out in substance and legal effect. He also reviewed the cases cited on the other side.

In answer to some remarks of Mr. *Bayard*, on the application to reserve the point, the counsel for the plff. now put in an application in writing, to that effect.

*The Court* said the provision of the constitution on this subject, relates to questions of difficulty and importance where the law is doubtful, and the object is to settle a vexed question before all the judges. In other cases, the party is left to his appeal. We entertain no doubts in this case, nor do we think it presents any question which, from its doubtful character, "ought to be decided before all the judges." The object of the constitution in vesting a discretion in the court as to saving points, was to confine them to cases where the law is unsettled.

The *Chief Justice* proceeded:—

"We regret that this objection has been made, and we should have been glad if the case could have gone to the jury entirely on its merits; but the deft. had a right to make the objection, and we are bound to consider and decide it.

This is an action on the case in tort, in which the plff. seeks to recover of the deft. damages for certain malicious and wrongful acts; and to sustain the action, it becomes necessary to set out, by way of inducement, a certain contract between the plff. and the Chesapeake and Delaware Canal Company. This contract, it is true, is not the cause of action in the present case, but it is the foundation of the action, or that through which alone it can be sustained; for without setting this instrument out in his declaration, the plff. could not entitle himself to damages against the deft. This, therefore, was a material and necessary averment, without which the plff.'s. declaration would be bad, it could not be struck out and leave a right of action remaining. It is essential to the existence of the right of action. With respect to what averments are necessary to be proved, the rule is, that if the whole of an averment may be struck out without destroying the plff.'s. right of action, it is not necessary to prove it, for it is mere surplusage; but it is otherwise, if the whole cannot be struck out without getting rid of a part, essential to the cause of action; for then, though the averment be more particular than it need have been, the whole must be proved as laid, or the plff. cannot recover. 2 *East*, 452; 12 *do*. 452.

A distinction is now established between allegations of substance

and allegations of matter of description. The former require to be *substantially*, the latter must be *literally*, proved; and if in the action on the case a contract, written instrument, or other entire subject matter, be alledged, it must be proved in the same manner as if the action were founded on it; the thing being entire and indivisible, the proof ought to support the allegation. And where a written instrument is not described by its tenor, but merely according to its substance and effect, if it be not what the legal construction of the instrument warrants, the variance will be fatal, although the allegation on which the variance arises is immaterial. *3 Bos. & Pul.* 463. And the law is the same whether the allegation be merely matter of inducement, or be the immediate cause of the action; or whether the action be debt, assumpsit or in tort.

Many variances have been pointed out by the deft's. counsel between the instrument of writing alledged in the declaration, and that offered in evidence. Among those pointed out, it may not be necessary to take notice of any others than those which occur in the following clauses: "And to prevent misunderstandings and disputes it is hereby agreed, that Benjamin Wright, Esq. or some other competent engineer, to be selected by the party of the second part, shall be the inspector of the said works, and shall estimate the number of cubic yards of excavation, and also of embankment, *and his estimate thereof when certified to the party of the second part,* shall be final and conclusive between the parties;"—"And it is further agreed, that if the opinion of the engineer-in-chief for the time being, in the employ of the party of the second part shall be, that the party of the first part refuses, or unreasonably neglects to prosecute this contract, such engineer may certify the same to the said party of the second part, and on his certificate the said party of the second part shall have the power of determining that he has abandoned it, and such determination shall altogether exonerate the said party of the second part, from every obligation imposed on them by the said contract *except to pay as aforesaid for work already done.*" Two essential parts of this part of the contract have been omitted in the declaration, to wit: in the first clause the words "and his estimate thereof, when certified to the party of the second part," for without this certificate, the Company never could have declared the contract abandoned. It is an essential part of the agreement without which, the residue of the clause is materially and substantially altered. In the second clause, the words "except to pay as aforesaid, for work already done," are omitted in the declaration, and these words form a most material and important part of the contract, for without them, the plff. could not have demanded payment for the work he had accomplished. The declaration, therefore, sets out a contract substantially different from that offered in evidence. They are in fact different instruments, and not as they should be, identically the same. There are other variances between the instrument set out and that produced, equally fatal, but of which it is not necessary for the court to take notice.

It is true, as has been urged by the plff's. counsel, that it is not necessary to set out the whole contract, when you profess only to

6

set out its substance; but, when you attempt to set out any part of a contract according to its substance and legal effect, you must set it out truly; and, if the sense or meaning of that part of the contract be altered, then it cannot be the *same* as that alledged to have been made. The proof does not support the allegation; there is a variance, because the sense and meaning are different. It is enough to set out as inducement to the action, so much of a contract as will enable the plff. to sustain his case: yet he must set out what he undertakes to alledge truly. No one can doubt but that the sense and meaning of the two clauses referred to the court, are substantially variant from the clauses set out in the declaration. They are not the same, and the variance between them we think fatal.

The declaration purports to set out the schedule of prices *in hæc verba.* Here the plff. has bound himself by his own allegation, to strict proof of the instrument. A mere variance in the spelling of a word, if the word be changed into one of a different meaning, will be fatal. But in this case substantial and material variances occur. In this contract, the parties attach very different meanings to the terms "section" and "station," and yet the declaration purporting to set out the schedule by words and figures, uses one for the other. The contract makes a distinction between "back-drains" and other drains, whereas, the declaration confounds them; the prices of the work as set out in the declaration, vary from the instrument produced; and the words "deepening of excavation" are used for "deficiency of excavation." Even if this schedule had been set out according to its substance and legal import, and not by its tenor, these variances would be fatal; because, the schedule is substantially different from that alledged in the declaration. Section cannot here mean station; deepening cannot be deficiency, nor one price mean another. The identity of this instrument is thus destroyed: it is not the same as that described in the declaration; and we are of opinion that, as the allegations and proofs should correspond in this case as in other cases, the instrument offered in evidence does not support the declaration.

Whenever we *discover* a variance we must stop. We cannot inquire whether it be a small or an important variance, or whether they be numerous or few, it is sufficient that there is a variance, that it is a departure in the allegation of the instrument, from the instrument itself. If small and unimportant variations are permitted to pass unnoticed, where are you to stop? What will be considered as important variances? We know no better rule than to say where there is a variance, great or small, it is fatal. We are therefore of opinion that the contract offered in evidence is not admissible."

The plff. offered another contract in evidence in support of the second count in his narr, which was objected to on the same grounds, and rejected without argument.

The rejection of these contracts terminated the cause, and a nonsuit was entered.

Judgment of nonsuit.

*Read, Jr.,* and *Rogers,* for plff.
*Frame* and *J. A. Bayard,* for deft.

Note. The plff. took a bill of exceptions to the opinion of the court rejecting this evidence, and carried the case to the Court of Appeals. At the June Term, 1832, that court affirmed the decision. The case was not much argued, if at all, in the Court of Appeals.