11 U.S. 208
 7 Cranch 208
 3 L.Ed. 317
 SHEEHY
v.
MANDEVILLE.
 March 6, 1812
 
 1
 Present. All the Judges.
 
 
 2
 ERROR to the Circuit Court for the district of Columbia sitting at Alexandria.
 
 
 3
 This cause having been sent back to the Circuit Court, by the mandate of this Court, at February term 1810, commanding that Court to render judgment for the Plaintiff on his first count and to award a writ of enquiry of damages, upon executing that writ of enquiry the Plaintiff produced the following note.
 
 
 4
 'Alexandria 17th July, 1804.
 
 
 5
 Sixty days after date, I promise to pay to Mr. James Sheehy, or order, six hundred and four dollars and ninety one cents, for value received, negotiable in the Bank of Alexandria.
 
 
 6
 R. B. JAMESON.'
 
 
 7
 The note was thus described in the declaration, 'And whereas the said Defendants under the name, firm and style aforesaid, did on the said 17th of July, 1804, make their certain note in writing called a promissory
 
 
 8
 Ante, Vol. 6, p. 253. note, subscribed by them under the name, style, title and firm of Robert B. Jameson, bearing date the same day and year, and then and there delivered the said note to the Plaintiff, and by the said note, did, under their firm aforesaid, promise to pay to the said Plaintiff, or to his order, six hundred and four dollars and ninety one cents for value received, negotiable at the bank of Alexandria, by reason whereof and by virtue of the law in such cases made and provided, the said Defendants became liable to pay to the said Plaintiff the said sum contained in the said note according to the tenor and effect of said note,' and being so liable, &c.
 
 
 9
 Which note the Court below refused to suffer the Plaintiff to read in evidence to the jury, because it varied from that set forth in the declaration, to this refusal the Plaintiff excepted. The Plaintiff then contended before the jury that the existence, the execution, the amount, and the validity of the note set out in the declaration, were determined by the judgment of the Court upon the demurrer, and claimed damages to the full amount of that note without producing it. But the Court, upon the motion of the Defendant, instructed the jury that it was necessary for the Plaintiff to produce the note, or sufficiently account for its non-production, otherwise the jury may and ought to presume that the note has been paid, or has been passed away by the Plaintiff to a third person for value received, and in such case ought to assess only nominal damages. To this instruction the Plaintiff also excepted.
 
 
 10
 The Plaintiff, then, in order to rebut the presumption that the note mentioned in the declaration had been paid or passed away to a third person for a valuable consideration, produced and offered to show to the Court and jury the record and judgment on the Defendant's first and second pleas, which had been adjudged bad upon demurrer, and also the same note in the said pleas mentioned to have been the foundation of the suit and judgment set forth in the said pleas—(which was a separate suit and judgment against R. B. Jameson upon the same note as the sole note of Jameson, and which judgment Mandeville had pleaded in bar to the present action, averring the note to be the same—but which plea was by this Court adjudged bad on demurrer,) and also the fieri facias issued against Jameson upon that judgment with the return of nulla bona; and also offered to prove by a competent witness that the promissory note produced to the jury, and in the said record of the suit against Jameson mentioned, is the same promissory note upon which the present declaration was founded, and the same which was intended to have been therein set out and described, and that the omission to state in the declaration the time in which the said note was originally made payable, arose from a mere oversight of the attorney who drew the declaration, and that there was no other note ever intended to have been described in that declaration or answering the description therein contained, but the Court rejected the whole of the said evidence as incompetent; to which the Plaintiff also excepted.
 
 
 11
 The jury assessed the Plaintiff's damages, and judgment was rendered accordingly at one cent only; where upon he brought his writ of error.
 
 
 12
 E. I. LEE, for the Plaintiff in error.
 
 
 13
 It being the prime object of Courts to do justice, the Court will decide in favor of the Plaintiff if the justice of the case be with him, unless there be some technical rule so strong as to leave the Court no ground in his favor.
 
 
 14
 1. The first question is whether there be any variance between the note declared upon, and that produced before the jury on the execution of the writ of enquiry.
 
 
 15
 What is, in law, a variance? The rule is that the allegata and probata must correspond in all material points.
 
 
 16
 The note produced was payable 'sixty days after date.' The declaration does not state when it was payable. There is therefore no repugnance, no inconsistency, between them. To have made it a variance, the declaration should have expressly averred that the note was payable on demand. The omission to state a fact, without a direct averment of a different fact, is not a variance. 1. Bos. and Pul. 225.
 
 
 17
 The declaration leaves it uncertain when the note was payable; but the note itself renders that certain which had been left uncertain on the face of the declaration.
 
 
 18
 An averment is a positive statement: and is used in opposition to argument, or inference. Cowp. 683, 684.
 
 
 19
 From the statement in the declaration, it is only matter of inference that the note was payable on demand. But there is no variance between the assumpsit laid, and the note offered. The statement of the note in the declaration is only inducement;—but in the assumpsit it does not say when the money was to be paid.
 
 
 20
 In setting forth the matter of inducement, exact certainty is not required. 5.Com. Dig. 35. C. 30.
 
 
 21
 The declaration states what, in law, is considered as a parol agreement—and the action is a general and not a special indebitatus assumpsit. Under the count of general indebitatus assumpsit, any evidence substantially corresponding with the cause of action set forth in the declaration, may be given in evidence.
 
 
 22
 There is no variance whenever the time or date is uncertainly set forth or omitted. It may be supplied by pleading, or by finding, and therefore in order to render, by findings, that certain which is omitted, or which does not correspond with the statement in the narration, evidence must be heard. Cromwell v. Grumsden, 1. Lord Ray, 335. If a patent be pleaded without a date, and the one produced has a date, it is not a variance. 5. Com. Dig. 395. Every thing is form, without which the right of action appears to the Court. Hob. 233.—5. Com. Dig. 139. This suit was brought after the note became due, therefore the time of payment was then not material to the Plaintiff's right of action. The promise, for a valuable consideration gives the right of action. The time of payment was not material and could not have been put in issue. 5.Com. Dig. 27.
 
 
 23
 The omission is cured by the statute of jeofails. Virg. Laws. 112. sect. 26.
 
 
 24
 If after verdict the Plaintiff could not be required to show such a note as is set forth in the declaration—so upon a judgment by confession, nil dicit, or non sum informatus, he is not bound to shew such a note.
 
 
 25
 2. If there be a variance, it is not a material one. 1. Wash. 72, Evans v. Smith. In the bond, in that case, the obligor was stated to be 'of the county of Essex,' which part of the description was omitted in the declaration, and it was held to be an immaterial variance.
 
 
 26
 It is only necessary to prove substantially the cause of action declared upon. 1. Wash. 199, M'Williams v. Willis. In that case the agreement was made by Willis, 'as treasurer of the jockey-club.' The declaration omitted this description, and it was holden no variance. The reason was that he was equally liable whether he contracted as treasurer or not. So in this case the Defendant was equally liable whether the note was payable in sixty days or on demand, the sixty days having expired before the suit was brought.
 
 
 27
 In the case of Peter v. Cocke, 1 Wash. 257, the suit was upon a bond given to U. P. 'of the county of Surrey, on account of Messrs. G. and P. merchants in Glasgow.' The declaration stated the bond to be given to W. P., without stating on whose account; yet it was holden no variance.
 
 
 28
 In the case of Wroc v. Washington and others, 1 Wash. 357, the declaration stated an agreement by which the Appellant was to rent and furnish a house in Leedstown, and entertain one of the Appellees, two of their storekeepers and a servant with meat and drink for one year, for which the Appellees agreed to pay him for the three first 25l. each, and for the last 8l.
 
 
 29
 The evidence offered did not show any agreement respecting the renting of a house at Leedstown; but it showed an agreement to pay 83l. in gross. Held no variance.
 
 
 30
 The date of a deed is not of its substance. 2 Co. 5. (a) Goddard's case. Upon the same principle the time of payment is not of the substance of a contract.
 
 
 31
 A variance between the date of the bond declared upon, and that cited in the award, is not fatal, if they agree in every other particular. 3 Call. Ross v. Overton. 3 Hen. and Mun. 237, Lyons v. Gregory.
 
 
 32
 In the case of Baptiste v. Cobbold, 1 Bos. and Pul. 7, the contract stated in the declaration was for l 52 10 0 for rum-money; the evidence was a note by which the Defendant agreed to allow the Plaintiff the above sum; together with a pint of rum per day—and held no variance.
 
 
 33
 The grounds upon which the law requires that the probata should agree with the allegata, are 1. To apprize the Defendant of the nature of the charge; and, 2. To enable him, by a reference to the record itself, to plead the judgment in bar of another action for the same cause. The declaration in this case did apprize the Defendant of the nature of the charge; for he appeared and pleaded to the action, and by his plea identified the note. The second object is obtained by the record, by which it appears that the note offered in evidence is that which was declared upon. If this note had been received in evidence, it would have been filed and formed a part of the proceedings which the clerk is bound, by the statute of Virginia, to retain.
 
 
 34
 If the reason of the rule requiring the allegata and probata to correspond, is attained in this case, and if there was no danger of a second suit being maintained upon the same cause of action against the Defendant. the variance cannot be material.
 
 
 35
 3. The Plaintiff was not bound to produce, upon the execution of the writ of enquiry, the note or the evidence of the debt.
 
 
 36
 Where there is judgment by default in an action upon the case on a promissory note, the court will (without a jury) direct the clerk to ascertain the damages. 1 H. Bl. 252, 529, 541. These cases were decided upon the ground that the amount claimed in the declaration is admitted in the same manner as if the action was debt; because a sum certain is demanded, and it is not like the case where the cause of action sounds in damages, and not in contract, ascertaining on its face the amount claimed.
 
 
 37
 Upon executing a writ of enquiry, the Plaintiff is not bound to prove his cause of action, because it is admitted as laid. Cro. Jac. 220.
 
 
 38
 If the cause of action is admitted, and the note not required to be proved, and it is to be produced for no other purpose than to see whether there is any credit on it, and there should be a difference in the date; yet it is not a variance, because a variance can exist only where proof is to be made.
 
 
 39
 The case of Green v. Hearne, 3 T. R. 301, shows that upon a writ of enquiry, it is not necessary to prove the bill of exchange; that a variance between that declared upon and that produced is not material, and that evidence dehors the bill is admissable to prove that the bill produced is that which was declared upon. Bayley on bills, appendix No. 7, p. 74, Mills v. Lyne. Kyd on bills, 155. 2 W. Bl. 748. 2 Stra. 1149. Bayley 66, 67, Bevis v. Lindsell. All these cases show that after judgment by default a promissory note set out in a declaration need not be produced. Sayer, on Damages, 112, 113, says where there is judgment upon demurrer, the justices may award damages; the amount of the damages laid in the declaration is admitted.
 
 
 40
 4. The Court erred in directing the jury that they were bound to presume from the non-production of the note declared upon, that it was paid or had been assigned away by the Plaintiff to a third person for a valuable consideration, unless the non-production was sufficiently accounted for.
 
 
 41
 The non-production of the note was only a circumstance to be left to the jury to draw such inference from as they should think proper, under the whole of the circumstances attending the case. The Court undertook to decide on the weight and effect of this negative kind of evidence. Presumptive evidence is always left to the jury. Hull v. Horner, Cowp. 109.
 
 
 42
 5. The Court ought to have admitted the evidence offered to show that this was the note intended by the description in the declaration—especially the Defendant's own pleas, in which he affirms the note described in the declaration to be the same note upon which judgment was obtained against Jameson, which is the same note which was produced to the jury in the execution of this writ of enquiry.
 
 
 43
 In the former opinion, the Court admitted the principle that it was competent for the Plaintiff to account for the non-production of such a note as is described in the declaration; and yet when the Plaintiff offers evidence to account for its non-production, the Court reject it.
 
 
 44
 A finding by a special verdict, or an admission in former pleadings is good evidence, unless the contrary appears. Lee v. Booth, 1 Keble, 720, pl. 50.
 
 
 45
 SWANN, contra.
 
 
 46
 No time of payment being mentioned in the note, it is to be taken as a note payable on demand. The note produced was payable at 60 days. Such a variance is fatal upon an issue. 3 Selwyn's Nisi Prius, 999.
 
 
 47
 The principal question is, whether it be necessary to produce the note on the execution of a writ of enquiry.
 
 
 48
 The practice in Virginia is to produce the note. Such also is the practice in England. Esp. N. P. 180. Tit. assumpsit, Str. 1149.
 
 
 49
 The cases from Bayley, &c. only show that the note need not be proved; this we admit; but still we contend it ought to be produced. The judgment upon the demurrer does not admit the amount of the damages.
 
 
 50
 JONES, in reply.
 
 
 51
 1. There was no material variance. The description of the note in the declaration, as far as it goes, is correct. The time and mode of payment are no part of the substance of the contract necessary to be set forth. It is only necessary to set forth the legal effect of the note, and as the 60 days had expired before the suit was brought, it was in effect a note payable on demand. Doug. 670, Bristow v. Wright.
 
 
 52
 2. Upon such special counts, for a precise sum, it is not necessary to produce proof upon the writ of enquiry. The judgment by default confesses the whole sum as well as the cause of action. In debt, and indebitatus assumpsit, you could not recover less than the precise sum stated in the declaration; and therefore a judgment by default confessed the whole. And although the Courts have relaxed as to those counts, and you may now recover less, yet when the declaration is for a precise sum, a judgment by default carries the whole.
 
 
 53
 The rule to produce the note is only a matter of disretion—a mere rule of practice intended to prevent inustice.
 
 
 54
 March 14th. All the judges being present,
 
 
 55
 MARSHALL, Ch. J. Delivered the opinion of the Court as follows:
 
 
 56
 This suit was instituted on a promissory note, executed by the Defendant, and made payable to the Plaintiff. After describing the note accurately, with the exception of the time when it became payable, which is altogether omitted, the declaration proceeds, in the usual form to state, that the Defendant being so liable, assumed to pay the sum mentioned in the note when he should be thereunto required, &c.
 
 
 57
 To this count a special plea was filed which, on demurrer, was held insufficient. Judgment, on the demurrer, being rendered for the Plaintiff, a writ of enquiry was awarded.
 
 
 58
 On executing this writ the Plaintiff produced a note payable sixty days after date, and offered to prove that it was the note on which the suit was instituted, and that the omission to state the day of payment in the declaration was the mistake of counsel.
 
 
 59
 The Court refused to permit the note to go to the jury; and also instructed them that unless a note conforming to the declaration should be adduced, or its absence accounted for, they must presume it to have been passed away or paid. The jury under these instructions found one cent damages, for which judgment was rendered. To this judgment the Plaintiff has sued out a writ of error.
 
 
 60
 The errors assigned are, 1st. That the variance was not fatal; 2d. That on a writ of enquiry the production of the note was unnecessary.
 
 
 61
 Courts, being established for the purpose of administering real justice to individuals, will feel much reluctance at the necessity of deciding a cause on a slip in pleading, or on the inadvertence of counsel. They can permit a cause to go off on such points only when some rule of law, the observance of which is deemed essential to the general administration of justice, peremptorily requires it.
 
 
 62
 One of these rules is, that in all actions on special agreements or written contracts, the contract given in evidence must correspond with that stated in the declaration. The reason of this rule is too familiar to every lawyer to require that it should be repeated.
 
 
 63
 It is not necessary to recite the contract in hoec verba, but if it be recited the recital must be strictly accurate. If the instrument be declared on according to its legal effect, that effect must be truly stated. If there be a failure in the one respect, or the other, an exceptions, for the variance, may be taken, and the Plaintiff cannot give the instrument in evidence.
 
 
 64
 The plea of non assumpsit denies the contract; and an instrument, not conforming to the declaration either in words where it is recited, or according to its legal effect where the legal effect is stated, although proved to be the act of the Defendant, is not the same act, and therefore does not maintain the issue on his part.
 
 
 65
 In this case, the legal effect of the promissory note is stated; and that effect on a note, having no day of payment, would be that it was payable immediately. This declaration goes on that idea, and avers a promise to pay when required. A note payable sixty days after date is a note different from one payable immediately, and would not support the issue had non assumpsit been pleaded and issue joined on this plea.
 
 
 66
 Now, what difference is produced by the default of the Defendant? He confesses the note stated in the declaration, but he confesses no other note. The necessity then of showing a note conforming to the declaration is precisely as strong on executing a writ of enquiry, as on trying the issue. No reason is perceived why a variance which would be fatal in the one case would not be equally fatal in the other.
 
 
 67
 The cases cited by the Plaintiff's counsel have been considered, but they do not come up to this. They are not cases where the legal effect of the written instrument, offered on executing the writ of enquiry, has differed from that of the instrument stated in the declaration.
 
 
 68
 The Court is also of opinion that the production of the note, on executing the writ of enquiry, was necessary. The default dispenses with the proof of the note, but not with its production. In England damages have in some circumstances been assessed without a jury, but it is not stated that those damages have been assessed without a view of the note. The practice of this country is to require that the note should be produced, or its absence accounted for, and the rule is a safe one.
 
 
 69
 Judgment affirmed.