15   305
f118  193

## SHAW & ZUNTS *v.* E. P. NOBLE et als.

Where it was sought to make parties liable for the price and debts of a boat, as owners, under a
title derived from the plaintiffs at a certain period—*Held:* That evidence of a different title could
not be received.

A variance in the bill of sale as to the names of the vendors, is a variance in the substance itself, and
will exclude it as evidence.

In actions upon contracts and deeds, if any part of the contract proved, or deed described should
materially vary from the contract or deed, as stated in the pleadings, it will be fatal.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
    *Lea & Marr*, for plaintiffs and appellants.  *A. N. Ogden & Stansbury*, and
*S. B. Noble*, for defendants.

DUFFEL, J.  This suit was commenced against the defendant, *E. P. Noble*, as
owner of the steamer Compromise, to recover five hundred dollars, the balance
of the price of said boat still due, as also for stores and supplies furnished to the
said boat, and the premiums for her insurance.  The members of the commercial
firm of *Connolly & Moore* were, by a supplemental petition, made defendants, as
co-owners, with *Noble*, of the compromise.

The defendant, *Noble*, is sought to be made responsible, as owner, on the allegation " that in the month of July, 1856, petitioners sold, conveyed and delivered
unto the said *Noble*, the steamer Compromise, for the sum and price of $7,500,
all of which has been paid, except the sum of five hundred dollars, for which
*H. A. Nunnally*, who was the master of said boat, in the month of October,
1856, executed and delivered to petitioners the note of the steamboat Compromise and owners, payable 1st-4th of April, 1857, &c."

We will first notice the objection, on the score of interest, to the testimony of
the witnesses, *H. A. Nunnally* and *J. W. Watt*.  The first named witness had a
direct interest to fix the liabilities of the defendants, being himself personally
bound for the whole amount in litigation; and the witness, *Watt*, had a direct
interest the other way, for, according to his testimony, he is equally responsible
with the defendant, *Noble*.  We think that the District Judge should not only
have disregarded the testimony of the witness, *Nunnally*, but also that of the
other witness; and if we here allude to the testimony of the witness, *Watt*, it is
because it appears to have been received with a reservation.

Our attention is next called to a bill of exception, taken by the defendants, to
the introduction, in evidence, of a copy of the sale of the steamboat Compromise,
from the plaintiffs, as agents of *D. G. Hill*, *M. A. Cox* and *B. W. Kay*, to *E. P.
Noble*, on the 1st day of October, 1856.

39

The objection is, that " the petition contained no allegation of any such sale of the date above set out, and by parties thus named and interested, and that thus there was a want of correspondence between the averment and the proof offered." The objection was well taken, and should have been sustained, for it was a violation of the rule that the *allegata* and *probata* must correspond. The variance was in the substance itself, the names of the vendors; and as the defendants were sought to be made responsible for the price and debts of the boat, as owners, under a title from the plaintiffs, at a certain period, evidence of a different title could not be received. In actions upon contracts and deeds, if any part of the contract proved, or deed described, should materially vary from the contract or deed as stated in the pleadings, it will be fatal. Greenleaf, vol. 1, §§ 63, 66 and 69. *Deloney et al.* v. *Smith et al.*, 3 La. 418; *Lyons* v. *Jackson*, 4 R. 465; *Nicholls* v. *His Creditors*, 9 R. 476.

The rejection of the sale from plaintiffs, as agents, to one of the defendants, necessitates a judgment of nonsuit, which will be an affirmance of the judgment of the District Court.

It is, therefore, ordered and decreed, that the judgment of the lower court be affirmed with costs.

LAND, J., absent.