LOUIS ROCHELLE *v.* LOUIS FRANÇOIS HEZEAU.

Where a child claims property in the possession of his natural father, on the ground that it was acquired by the joint labor of the deceased mother with that of the father, courts of justice are bound to discountenance pretensions based upon such an immoral connection, by demanding strict and conclusive proof, before affording relief.

APPEAL from the Fourth District Court of New Orleans, *Morgan*, J. H. R. *Grandmont*, E. *Meunier* and G. *LeGardeur*, for plaintiff and appellant. L. *Eyma* and C. *Dufour*, for defendant.

DUFFEL, J. The plaintiff, who represents himself as the duly recognized natural son and sole heir of *Eléonore Victoire Rochelle*, seeks to recover from the defendant the undivided half of all the property, lands, slaves, movables, &c., owned at the demise of his mother, the 2d of January, 1855, either separately or jointly, by his said mother and the defendant, on the ground that the same was the acquisition of their joint labor, industry and economy, during a period of eighteen or twenty years that they lived in New Orleans as husband and wife. The plaintiff also sets up other claims as special damages, for the illegal acts of the defendant, and for the fruits and revenues of all said property.

The answer denies generally all the allegations of the petition, and asserts " that the plaintiff has no right of action against him in the way this suit has been instituted."

The judgment of the District Court was one of nonsuit.

The evidence shows that the defendant and *Eléonore Victoire Rochelle* came together in New Orleans very poor, some twenty years before the death of the latter, and that during the whole of that time they lived together as husband and wife ; that there is now living another issue of this illicit cohabitation, a boy named *Hen-*

*ry*, aged about ten or twelve years, who, according to the brief filed herein by the plaintiff, was also recognized as a natural son and heir of *Eléonore Victoire Rochelle*. It also appears that when the defendant first came, as above stated, in New Orleans, he had, and still has living in France, a legitimate wife. The defendant and his concubine were very industrious and economical; they worked together; their first occupation was to make artificial flowers, and they kept, to within a very short time before the death of the plaintiff's mother, and possibly to the day of her death, a very profitable store as florists.

On the other hand, we see that the said *Eléonore Victoire Rochelle* acquired in her own name eight lots of ground situated in Faubourg Washington, on the 23d day of June, 1848; that as her agent, under a power of attorney, dated the 28th of June, 1848, the defendant purchased in her individual name, the following property, to-wit: on the 16th of February, 1850, two lots of ground in Faubourg Washington, and on the 3d of April, 1855, seven lots of ground in the Third District of New Orleans; and the plaintiff admits that the title to the slave *Louise* stands in the name of his mother.

The defendant has also established that he has, for the last twelve years, and upwards, dealt extensively as a money broker, discounting notes and lending money on interest for his own account.

We also find that eight of the lots acquired as above stated have been incorporated and form a part of the graveyard of St. Vincent de Paul.

Were we to give the judicial sanction of this court to the pretensions of the plaintiff, its immediate effect would be to incorporate into our Code a species of community alike repugnant to good morals and social order. A sense of duty requires that the judicial tribunals of this State should rather, within legal bounds, discountenance all such pretensions, by demanding strict and conclusive proof, before affording relief.

Tested by the above rule, the plaintiff has failed to make out his case; for we are of opinion that his mother has received her share of the profits of the joint labor which she has invested in the acquisition of real property and slave. We, nevertheless, incline to the belief, that the succession should be credited with one half of the contents of the store of artificial flowers at the time of the death of *Eléonore Victoire Rochelle*, together with one-half of the dues of the same; also with a just proportion of the unpaid revenues of the cemetery of St. Vincent de Paul at the same date, and a like proportion of the revenues of the same since accrued, and with the value of the services of the slave *Louise*. A part of the movables described in the inventory belongs, without doubt, to the deceased; but the evidence is not sufficient to authorize us to pass on the above pretensions, and besides, all the parties in interest are not before us. Justice, however, requires that the rights of the heirs should be reserved in the above particulars. 2 An., 10; 13 An., 576; Hennen's Digest, vol. 2, p. 1131; C. C. 1234, 1231, 1252.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, so far as to reserve the right of action which the heirs of *Eléonore Victoire Rochelle* may have to claim of the defendant a settlement and an account of the contents of the store kept by the defendant and the deceased, including the dues of said store, at the date of the demise of the plaintiff's mother, together with an account of the value of the services of the slave *Louise*, as also the portion of the said deceased out of the revenues of the cemetery of St. Vincent de Paul which were unpaid at her death and which have since accrued, as also so

much of the movables described in the public inventory of the succession of
*Eléonore Victoire Rochelle* as will, after a proper investigation, appear to belong
to said estate. And it is further ordered, that the judgment of the lower court,
amended as above, be affirmed, the defendant paying the costs of the appeal.