LAND, J.
This suit was instituted to recover the sum of $2,750, with legal interest thereon from December 26, 1904, for this, to wit:
“On September 26, 1904, defendant purchased from plaintiff, and plaintiff sold and delivered to defendant, at its Palo Alto plantation, in said parish of Ascension, one steam locomotive of the Forney type for the price and sum of $2,750, which defendant agreed and promised to pay .by giving- to petitioner, after 30 days’ trial and acceptance of said locomotive, its promissory note for said sum payable at 90 days. That defendant had trial of said locomotive for a period of 30 days after its delivery, and accepted the same, but has refused and failed to pay the said price, or to settle for the same in the manner agreed to and promised by it as aforesaid, or in any manner whatever, notwithstanding repeated amicable demands for payment or settlement.”
Defendant answered, pleading the general issue, and prayed for trial by jury, which was allowed.
On the trial of the cause plaintiff offered in evidence a letter, of date July 26, 1904, from the plaintiff, addressed to defendant, and proposing to furnish and deliver a 9x14 Forney type locomotive for the sum of $2,750, subject to a 30 days’ trial before acceptance, etc., with the written acceptance of defendant indorsed thereon. Defendant’s counsel objected to said offer on the ground of material variance between the contract as alleged in the petition and the document offered. This objection was sustained, and plaintiff excepted.
Parol evidence was adduced to prove the contract alleged in the petition; but, as it appeared that the only contract between the parties was the one evidenced by letter of July 26, 1904, the testimony was stricken out.
Plaintiff was nonsuited by the verdict and judgment, and has appealed.
Omitting the caption and address, the proposition of July 26, 1904, reads as follows:
“We hereby agree to furnish you with a 9x14 Forney type locomotive, as per specifications attached, date July 11, 1904, for the sum of twenty-seven hundred and fifty dollars ($2,750.-00), delivered, Donaldsonville, La.
“Will guarantee this locomotive to be first-class in every respect, and will agree to replace any defective or broken parts, free of charge, within four months after acceptance of locomotive, by your returning these parts and informing- us of said defects. Will also agree, after arrival of locomotive at your plantation, to send a competent locomotive engineer, free of cost to you, superintend unloading- and placing on track to make trial trip of locomotive, and will give you a thirty (30) days’ trial before acceptance of said locomotive.
“Terms of this locomotive will be ninety (90) days after date of arrival of same on plantation. Same is to be settled for by note after you have given the locomotive a thirty (30) days’ trial and accepted the same. Shipment to be made on or before September 1, 1904.
“[Signed] Davenport Locomotive AVorks, “Louis Kaufman, Agent.”
“Accepted: The Lemann Go., Ltd.,
“[Signed] Mayer Lemann, Prest.”
The petition does not allege whether the contract of sale was verbal or in writing. Paragraph 4 of article 172 of the Code of Practice provides:
“The petition must contain a clear and concise statement of the object of the demand, as well as the nature of the title or the cause of action on which it is founded.”
Article 174 provides that, when the action is founded on a notarial or public act, an authenticated copy must be annexed to the petition. But, if the title on which the demand is founded be an act under private signature, it is not necessary to annex to the petition the original of such an act, provided that, if the defendant pray oyer of the document declared upon, the court will order the same to be filed within a reasonable delay. Gode Prac. art. 175. If the plaintiff’s title or cause' of action be founded on a contract in *193 writing purporting to have been signed by the defendant, the petition should so declare, and set forth the contract with certainty or annex the original or copy thereof to his petition. The defendant is entitled to the specific information that the demand is founded on an act under private signature alleged to have been signed by him, in order to properly defend the suit. Where the petition discloses that the action is based on such a title, the defendant has the right to call for its production, and is bound in his answer to acknowledge or deny his signature. Code Prac. art. 324. In the ease at bar, the allegations do not disclose any written contract or agreement between the parties. The date of sale and delivery is alleged to have taken place on September 26, 1904, while the document offered shows a proposition of sale made and accepted on July 26, 1904. The .petition alleges the sale of “one steam locomotive of the Eorney type locomotive,” while the document calls for “a 9x14 Eorney type locomotive” as per specifications attached. The document contains guaranties and conditions which are not even alluded to in the petition. The petition alleges that the note was payable at 90 days, without specifying from what date, while • the document calls for a note payable 90 days after the date of the arrival of the locomotive on the plantation, and the shipment was to be made on or before September 1, 1904.
In the nature of things there can be no legal identity between a sale made on September 26, 1904, and a conditional agreement of sale made on July 26, 1904.
In Shaw & Zuntz v. Noble, 15 La. Ann. 306, the court said:
“In actions upon contracts and deeds, if any part of the contract proved or deed described should materially vary from the contract or deed stated in the pleadings, it will be fatal.”
In Sheehy v. Mandeville, 7 Cranch (U. S.) 208, 3 L. Ed. 317, Chief Justice Marshall said:
“It is not necessary to recite the contract in htee verba; but, if it is recited, the recital must be accurately stated. If the instrument oe declared on according to its legal effect, that effect must be correctly stated. If there be a failure in the one respect or the other, an exception for the variance may be 1aken, and the plaintiff cannot give the instrument in evidence.”
The agreement of July 26, 1904, is not correctly recited in the petition, nor is its legal effect properly stated.
Judgment affirmed.