No.——

First Circuit

## LA. TIRE COMPANY, INC., v. TODD

(June 12, 1928. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Payment—Par. 19, 24.

Defendant's plea of payment, is an admission that he did at one time owe plaintiff for goods and merchandise, and this plea opened the door for the admission of the evidence by plaintiff of just how much defendant owed him.

2. Louisiana Digest—Payment—Par. 19, 21; Evidence—Par. 351.

Where plaintiff proved his claim with certainty by a preponderance of evidence, considering that it is practically admitted by the plea of payment by defendant, and defendant has failed to sustain his defense of payment, there must be judgment for plaintiff.

Appeal from the Parish of St. Tammany. Hon. Prentiss B. Carter, Judge.

Action by Louisiana Tire Company, Inc., against A. G. Todd.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

A. J. Finney, of Covington, attorney for plaintiff, appellant.

Lindsey McDougall, of Covington, attorney for defendant, appellee.

LECHE, J. The demand in this case is upon an open account for two hundred fifty-five and 11/100 dollars. Defendant denies liability and urges specially a plea of payment.

The demand is set forth in a petition in stereotype form, partly written and partly printed, and we mention this because it evidently accounts for an inaccurate allegation complained about by the defendant. The petition sets forth that defendant is indebted to petitioner by reason of the fact that petitioner sold to defendant, a certain lot of merchandise between the dates of April 17, 1926, and June 6, 1927, at various times, amounting to two hundred fifty-five and 11/100 dollars. The itemized statement alleged to be annexed to the petition and actually annexed to it, shows a balance of account due April 17, 1926, then a series of sales of merchandise amounting to several thousand dollars, on which many partial payments were made, and the statement finally shows a balance due by defendant on July 23, 1927, amounting to two hundred fifty-five and 11/100 dollars. There is also annexed to plaintiff's petition an affidavit stating that the claim in suit is for a balance of account.

When plaintiff offered proof of the correctness of its account, defendant objected on the ground that there was a variance between the allegation of the petition and the annexed account offered in evidence. We believe that the trial judge properly overruled this objection. The statement annexed to plaintiff's petition does as a matter of fact, show an indebtedness by defendant of two hundred fifty-five and 11/100 dollars, and the affidavit also annexed to the petition, shows that this claim is for a balance of account. There was nothing here to take defendant by surprise, although the claim is alleged to be for merchandise sold from April 17, 1926, to June 6, 1927, when in point of fact the claim is only for a balance due on such merchandise.

We are familiar with the case of Abadie vs. Berges, 41 La. Ann. 281, 6 So. 529, which holds that a document annexed to a petition, does not inject into the petition an averment which is essential to support a plaintiff's demand. The case of Davenport vs. Lemann, which was tried in the District Court, while the writer of this opinion was on that bench, and which was affirmed by the Supreme Court in Davenport Locomotive Works vs. Lemann Co., 118 La. 191, 42 So. 770, does not in our opinion, support the objection made by defendant. In that case the suit was upon a certain written contract and plaintiff attempted to prove another and a different contract.

Defendant's plea of payment, is an admission that he did at one time owe plaintiff for goods and merchandise, and this plea opened the door for the admission of the evidence offered by the plaintiff.

We believe the plaintiff has proved its claim with certainty and by a preponderance of evidence, considering that it is practically admitted by the plea of payment, and that defendant has entirely failed to sustain his defense of payment, a burden which the law places upon him.

For these reasons the judgment appealed from is avoided and reversed and it is now ordered that plaintiff, the Louisiana Tire Company, Inc., have judgment against and recover of defendant A. G. Todd, the sum of two hundred fifty-five and 11/100 dollars, with legal interest thereon from judicial demand, as prayed for, and for all costs of court.