No. 3768

Second Circuit

MAGNOLIA PETROLEUM COMPANY v. HAWKINS

(November 18, 1931.  Opinion and Decree.)
(January 14, 1932. Rehearing Granted.)
(May 4, 1932.  Opinion and Decree on Rehearing.)

Pugh, Grimmet & Boatner, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellant.

TALIAFERRO, J.  Plaintiff sues to recover of defendant $348, alleged balance due for gas sold and furnished him during the months of May and June, 1928, under a written contract signed by plaintiff and

by J. P. Hawkins, trustee, by J. R. Bevill, which is attached to and made part of the petition.

Defendant denies that he personally entered into a contract with plaintiff, as alleged, and avers that his dealings with plaintiff for the purpose of securing a supply of gas for fuel to drill a "wild cat" oil well were solely as trustee or agent of J. P. Hawkins Well Syndicate. a partnership in commendam. He admits that on behalf of said syndicate he posted a cash deposit of $500 with plaintiff before any gas was furnished and that after said deposit had been exhausted by consumption of gas the supply was cut off; that he was notified that an additional deposit was necessary in order to secure a further supply of gas, but that as said syndicate was not in a position to comply with this requirement he called on plaintiff's agent, E. D. Holcomb, and advised him to that effect, and thereupon an agreement was reached between them whereby a sufficiency of gas to complete the well, then being drilled, would be provided, free of cost.

Exceptions of no cause of action were filed at time the case was called for trial, which were referred to the merits. The record does not disclose that these exceptions were specifically passed upon by the trial court, but as judgment was awarded plaintiff it follows that the court considered them not well founded, and, in effect, overruled them.

In this court defendant insists upon these exceptions and complains of error on part of the lower court in not sustaining them.

It is argued that the exceptions should be sustained for two reasons:

First, that effort is being made to hold defendant personally liable on a contract signed by him as trustee or agent, without alleging facts and circumstances necessary to fix or justify, if true, personal responsibility; and,

Second, that the contract sued on and attached to plaintiff's petition fixes a period for its expiration by providing, "This contract shall continue in force until termination of deposit," and argues that no right of recovery is vested in plaintiff for price of gas furnished to and consumed by defendant in excess of that paid for by the deposit of $500.

With regard to the second point argued for the exceptions, the contract, in paragraph 7, takes care of that contingency by the following language, viz.:

Seventh. "That if gas is used by the party of the second part for a period of time beyond the expiration of the term mentioned herein, without further definite terms being agreed upon by the parties hereto, the condition and covenants of this contract shall extend through such period while gas is so used; but if gas is so used after the expiration of the definite term above specified this contract may be terminated upon written notice given either party to the other party."

The written contract contains a multitude of stipulations designed and intended to meet any contingency that might arise between the parties thereto, operating thereunder. There is no conflict between the excerpt from the contract quoted by and relied on by defendant and the provisions of paragraph 7, quoted above. All parts of a contract should be read together in its interpretation and effect given to it in its entirety, if possible. Defendant, or his company, could not accept gas from plaintiff in excess of that paid for by the original deposit and escape the obligation of being responsible for payment of its value. The contract is clear on this point.

We think the other point raised in the exceptions well taken. It is true, as argued by plaintiff, that under certain circumstances, one holding himself out in a representative capacity becomes personally responsible to those with whom he contracts. One instance is where an agent fails to disclose the identity of his principal; another is where he exceeds his powers.

Plaintiff argues that defendant did not disclose for whom he was acting in his negotiations for gas and therefore there is personal responsibility on his part. Defendant's reply to this argument is that, even if this be true, the petition contains no allegations to that effect, and, as the contract is signed "trustee," which is admittedly the equivalent of "agent," no cause of action is disclosed against him.

The party of the second part to the contract is declared to be "J. P. Hawkins, Trustee." A receipt indorsed on the contract states that "J. P. Hawkins, Trustee," has deposited $500 in cash. The contract was signed in like manner.

The petition positively alleges that defendant, through his authorized agent, J. R. Bevill, executed the contract with plaintiff. This contract is made the basis of the suit. The petition is barren of any explanatory allegations which, if proven, would be sufficient to fix personal responsibility against Hawkins, under the contract in question.

It seems to us that in the present suit the contract sued on would not be admissible in evidence under the allegations of the petition. At least the variance between the allegations of the petition and the contract itself is fatal to the suit.

A petition in a suit based upon a written contract attached is controlled by the contents of the written instrument. If there is material variance between the two, the attached document will prevail. Abadie v. Berges, 41 La. Ann. 281, 6 So. 529.

In Shaw & Zunts v. Noble, 15 La. Ann. 306, it was held:

"In actions upon contracts and deeds, if any part of the contract proved, or deed described should materially vary from the contract or deed, as stated in the pleadings, it will be fatal."
"It is not necessary to recite the contract in haec verba, but if it be recited the recital must be strictly accurate. If the instrument be declared on according to its legal effect, that effect must be truly stated. If there be a failure in the one respect, or the other, an exception, for the variance, may be taken, and the plaintiff cannot give the instrument in evidence." Chief Justice Marshall in Sheehy v. Mandeville, 7 Cranch 208, 217, 3 L. Ed. 317; Davenport Locomotive Works v. Lemann Co., 118 La. 190, 42 So. 770.

In the case of Lafourche Transportation Co. v. Pugh et al., 52 La. Ann. 1517, 27 So. 958, it was held:

"Where the sole cause of action stated in the petition is a contract alleged to have been made by the duly-authorized agent of the defendant, to permit the introduction of evidence of ratification by defendant by acquiescence in what such alleged agent has done is to allow the plaintiff to shift his ground, and recover upon a cause of action not alleged."

For the reasons herein assigned, the judgment appealed from is hereby annulled, reversed, and set aside, and plaintiff's suit is dismissed as in case of non-suit; all costs to be paid by plaintiff.

---

ON APPLICATION FOR REHEARING

CULPEPPER, J. Plaintiff-appellee's application for rehearing sets out that the court in its original opinion, 137 So. 588,

erred in holding the allegations of the petition insufficient to permit the introduction in evidence of the contract attached and made part thereof. The reason for so holding, as the opinion indicates, was that there was such variance between the allegations of the petition and the contract as to become material and therefore fatal. Plaintiff contends the court erred in holding that there was a material variance. It is contended that:

"Upon a consideration of the entire petition, exhibits and prayer, it is apparent that plaintiff seeks to enforce the personal liability of J. O. Hawkins upon a contract recited in the exact words thereof, executed without naming a principal, by J. P. Hawkins, Trustee, and that such a petition states a cause of action; especially under a prayer for general and equitable relief."

It is also contended that an affirmative allegation of the undisclosed nature of J. P. Hawkins' principal is not necessary, but that the burden is upon defendant to set up and show that he acted merely as agent, and that he did in fact disclose his principal, if such be the facts. Plaintiff cites the law as being, and correctly so, that one who, in making a contract, designates himself as agent, but fails to disclose the name of his principal, is to be considered and treated as being himself the principal, and is bound as such. Numerous authorities, both in Louisiana and other states, so hold. Bedford v. Jacobs, 4 Mart. (N. S.) 528; Howe v. Adam & Steinbrugge, 6 Orl. App. 400; 2 C. J. Agency, par. 491, et seq.; Aber v. Pennsylvania Co., etc., 269 Pa. 384, 112 A. 444.

Defendant contends "that the word 'Trustee' as used in the contract, cannot be considered as mere descriptio personae, but that the intention, as reflected by the contract, was to bind the Trustee for the Syndicate owning the well for which gas was to be supplied, and that the contract contains no wording intended to also bind Hawkins personally."

In Shaw & Zunts v. Noble, 15 La. Ann. 305, cited in our original opinion, plaintiffs sued for a balance due on the price of a steamer which they alleged they sold to defendant. On the trial they offered in evidence an act of sale to defendants, not by plaintiffs, but by other parties through plaintiffs as agents. The court held this to be a material variance in the substance alleged and excluded the evidence. Besides, plaintiffs alleged the sale took place in July, whereas the act offered in evidence (which had not been attached to the petition) was dated in October, some three months later.

In Davenport Locomotive Works v. Lemann Co., 118 La. 190, 42 So. 770, also cited, plaintiff, suing for the price of a locomotive, did not attach nor allege on a written contract of sale; did not allege whether it was verbal or written. On the trial, a written proposition to sell, with defendant's signature of acceptance, was offered in evidence. The act was dated in July, but plaintiff had alleged that the sale took place in September. The offering was rejected. The Supreme Court, in sustaining the ruling, quoted Code Prac., art. 172, par. 4, and said that defendant was entitled to the specific information upon which the demand was founded, also in that connection quoted approvingly the rule stated by Chief Justice Marshall in Sheehy v. Mandeville, 7 Cranch, 208, 3 L. Ed. 317, that:

"It is not necessary to recite the contract in haec verba, but if it be recited the recital must be strictly accurate," etc. (See rule in full in our original opinion.)

On re-examining these authorities, we now think they are not controlling in this

case, inasmuch as in none of them was the writtten act or contract forming the basis of the claim sued on attached to the petition, or even referred to; also there were otherwise material differences between the pleadings and the proof offered.

In the present case the contract sued on was attached to the petition, made part of same, and became its dominent element. Furthermore, a sworn itemized statement was attached to the petition, and therefore, made a part of it, showing the account in full, the amount of gas furnished, price, dates, for what purpose furnished, the credit given, all, as stated, in accordance with the contract. It cannot be said, then, that these pleadings failed to acquaint defendant specifically with the facts upon which the suit was founded. As evidence that he did fully understand them, he answered, and for the first time, according to the weight of the testimony, informed plaintiff that "his dealings with * * * plaintiff in the premises were only and solely as Trustee or agent for J. P. Hawkins' Well Syndicate," "that he acted as agent or Trustee for J. P. Hawkins' Well Syndicate, which was a partnership ad commendum. * * *" He admits that he negotiated with plaintiff for the gas in question, also that he put up the deposit of $500, but avers that in doing so he was acting for the syndicate. Here, then, was presented a clear-cut issue of fact between the parties, viz., whether or not defendant disclosed to plaintiff, at the time the contract was entered into, or before, the identity of his principal.

When the case was called for trial, however, defendant filed the exceptions in question, which were referred to the merits, and in effect were overruled by the court. Under the pleadings as made up to the time of the filing of the exceptions, we now think the exceptions were not well founded. If defendant be prima facie personally bound, which under the law it appears that he is, we see no good reason why plaintiff should not have the right to proceed against him personally, since the contract sued on was attached to and made a part of the pleadings and clearly indicated in what manner and for what reason defendant was sought to be held. The petition is not at variance with the contract, except in that it makes no mention of defendant as an agent or trustee. This, we now think, is not material in the light of the attached contract, which, when construed together with the petition, shows that defendant was apparently personally liable, unless he should be able to show a disclosure of his principal; and defendant answered in an effort to meet that issue before the exceptions were filed. Plaintiff clearly indicated that defendant acted as an agent when it made the contract a part of its pleadings. Defendant in answer averred he acted as an agent stating for whom he was acting, and for that reason denied liability. He, of course, is liable unless he can show that plaintiff was informed as to the identity of his principal. The question of agency vel non, therefore, was fully set up in the pleadings before the exceptions were ever filed. We therefore think the exceptions not well taken, and our former ruling on that point is recalled and set aside, and the exceptions are overruled.

Upon the merits the evidence clearly shows that, while A. H. Henderson and E. D. Holcomb, officers of plaintiff company, with whom defendant and his representative, J. R. Bevill, negotiated and closed the contract, frankly admitted they had heard and understood that there were others interested with defendant in the project of drilling the well for which the gas contracted for was to be used, but

that they were not informed by defendant, nor had they learned from any other source, who his associates were. This fact was not seriously disputed but apparently conceded by defendant. The testimony further discloses that these officials at all times looked to defendant personally to pay for the gas used, and in all other respects to carry out the contract. They could not, in fact, do otherwise, because they knew no other party to the agreement. Bevill had acted for defendant in negotiating the contract. Defendant ratified Bevill's acts by accepting and using the gas and personally supervising the drilling of the well, as well as by his other acts and conduct. Therefore, plaintiff had a perfect right to look to defendant for pay, and not Bevill.

Under the circumstances as disclosed by the evidence, we cannot see how plaintiff could have collected its claim except from this defendant. Defendant urges the proposition that he was merely a member of a partnership which still existed, and that recourse must be had against it and not against one of its members. It is not shown that a partnership really existed, except for defendant's bare statement to that effect. There were no articles of partnership agreement filed in evidence, nor did defendant give the names and places of residence of its members, or even that of the partnership itself, if such really existed.

As to the correctness of the amount of the gas sold, the price, etc., as reflected by the itemized account attached to the petition, there is no dispute.

For the reasons assigned, we think defendant is personally liable. Our former decree is therefore vacated, recalled, and set aside, and the judgment of the lower court is reinstated, affirmed, and made the final judgment of this court.

No. 402

First Circuit