## MAGNOLIA PETROLEUM CO. v. HAWKINS.

### No. 3768.

Court of Appeal of Louisiana. Second Circuit, Second Division.

May 4, 1932.

For former opinion, see 137 So. 588.

Thatcher, Browne, Porteous & Myers, of Shreveport, for appellant.

Pugh, Grimmet & Boatner, of Shreveport, for appellee.

CULPEPPER, J.

Plaintiff appellee's application for rehearing sets out that the court in its original opinion, 137 So. 588, erred in holding the allegations of the petition insufficient to permit the introduction in evidence of the contract attached and made part thereof. The reason for so holding, as the opinion indicates, was that there was such variance between the allegations of the petition and the contract as to become material and therefore fatal. Plaintiff contends the court erred in holding that there was a material variance. It is contended that: "Upon a consideration of the entire petition, exhibits and prayer, it is apparent that plaintiff seeks to enforce the personal liability of J. O. Hawkins upon a contract recited in the exact words thereof, executed without naming a principal, by J. P. Hawkins, Trustee, and that such a petition states a cause of action; especially under a prayer for general and equitable relief."

It is also contended that an affirmative allegation of the undisclosed nature of J. P. Hawkins' principal is not necessary, but that the burden is upon defendant to set up and show that he acted merely as agent, and that he did in fact disclose his principal, if such be the facts. Plaintiff cites the law as being, and correctly so, that one who, in making a contract, designates himself as agent, but fails to disclose the name of his principal, is to be considered and treated as being himself the principal, and is bound as such. Numerous authorities, both in Louisiana and other states, so hold. Bedford v. Jacobs, 4 Mart. (N. S.) 528; Howe v. Adam & Steinbrugge, 6 Orl. App. 400; 2 C. J. Agency, par. 491, et seq.; Aber v. Pennsylvania Co., etc., 269 Pa. 384, 112 A. 444.

Defendant contends "that the word 'Trustee' as used in the contract, cannot be considered as mere descriptio personae, but that the intention, as reflected by the contract, was to bind the Trustee for the Syndicate, owning the well for which the gas was to be supplied, and that the contract contains no wording intended to also bind Hawkins personally."

In Shaw & Zunts v. Noble, 15 La. Ann. 305, cited in our original opinion, plaintiffs sued for a balance due on the price of a steamer which they alleged they sold to defendant. On the trial they offered in evidence an act of sale to defendants, not by plaintiffs, but by other parties through plaintiffs as agents. The court held this to be a material variance in the substance alleged and excluded the evidence. Besides, plaintiffs alleged the sale took place in July, whereas the act offered in evidence (which had not been attached to the petition) was dated in October, some three months later.

In Davenport Locomotive Works v. Lemann Co., 118 La. 190, 42 So. 770, also cited, plaintiff, suing for the price of a locomotive, did not attach nor allege on a written contract of sale; did not allege whether it was verbal or written. On the trial, a written proposition to sell, with defendant's signature of acceptance, was offered in evidence. The act was dated in July, but plaintiff had alleged that the sale took place in September. The offering was rejected. The Supreme Court, in sustaining the ruling, quoted Code Prac. art. 172, par. 4, and said that defendant was entitled to the specific information upon which the demand was founded, also in that connection quoted approvingly the rule stated by

Chief Justice Marshall in Sheehy v. Mandeville, 7 Cranch, 208, 3 L. Ed. 317, that: "It is not necessary to recite the contract in haec verba, but if it be recited the recital must be strictly accurate," etc. (See rule in full in our original opinion.)

On re-examining these authorities, we now think they are not controlling in this case, inasmuch as in none of them was the written act or contract forming the basis of the claim sued on attached to the petition, or even referred to; also there were otherwise material differences between the pleadings and the proof offered.

■ In the present case the contract sued on was attached to the petition, made part of same, and became its dominant element. Furthermore, a sworn itemized statement was attached to the petition, and therefore, made a part of it, showing the account in full, the amount of gas furnished, price, dates, for what purpose furnished, the credit given, all, as stated, in accordance with the contract. It cannot be said, then, that these pleadings failed to acquaint defendant specifically with the facts upon which the suit was founded. As evidence that he did fully understand them, he answered, and for the first time, according to the weight of the testimony, informed plaintiff that "his dealings with * * * plaintiff in the premises were only and solely as Trustee or agent for J. P. Hawkins' Well Syndicate," "that he acted as agent or Trustee for J. P. Hawkins' Well Syndicate, which was a partnership ad commendum. * * *" He admits that he negotiated with plaintiff for the gas in question, also that he put up the deposit of $500, but avers that in doing so he was acting for the syndicate. Here, then, was presented a clear-cut issue of fact between the parties, viz., whether or not defendant disclosed to plaintiff, at the time the contract was entered into, or before, the identity of his principal.

■ When the case was called for trial, however, defendant filed the exceptions in question, which were referred to the merits, and in effect were overruled by the court. Under the pleadings as made up to the time of the filing of the exceptions, we now think the exceptions were not well founded. If defendant be prima facie personally bound, which under the law it appears that he is, we see no good reason why plaintiff should not have the right to proceed against him personally, since the contract sued on was attached to and made a part of the pleadings and clearly indicated in what manner and for what reason defendant was sought to be held. The petition is not at variance with the contract, except in that it makes no mention of defendant as an agent or trustee. This, we now think, is not material in the light of the attached contract, which, when construed together with the petition, shows that defendant was apparently personally liable, unless he should be

able to show a disclosure of his principal; and defendant answered in an effort to meet that issue before the exceptions were filed. Plaintiff clearly indicated that defendant acted as an agent when it made the contract a part of its pleadings. Defendant in answer averred he acted as an agent stating for whom he was acting, and for that reason denied liability. He, of course, is liable unless he can show that plaintiff was informed as to the identity of his principal. The question of agency vel non, therefore, was fully set up in the pleadings before the exceptions were ever filed. We therefore think the exceptions not well taken, and our former ruling on that point is recalled and set aside, and the exceptions are overruled.

■ Upon the merits the evidence clearly shows that, while A. H. Henderson and E. D. Holcomb, officers of plaintiff company, with whom defendant and his representative, J. R. Bevill, negotiated and closed the contract, frankly admitted they had heard and understood that there were others interested with defendant in the project of drilling the well for which the gas contracted for was to be used, but that they were not informed by defendant, nor had they learned from any other source, who his associates were. This fact was not seriously disputed but apparently conceded by defendant. The testimony further discloses that these officials at all times looked to defendant personally to pay for the gas used, and in all other respects to carry out the contract. They could not, in fact, do otherwise, because they knew no other party to the agreement. Bevill had acted for defendant in negotiating the contract. Defendant ratified Bevill's acts by accepting and using the gas and personally supervising the drilling of the well, as well as by his other acts and conduct. Therefore, plaintiff had a perfect right to look to defendant for pay, and not Bevill.

Under the circumstances as disclosed by the evidence, we cannot see how plaintiff could have collected its claim except from this defendant. Defendant urges the proposition that he was merely a member of a partnership which still existed, and that recourse must be had against it and not against one of its members. It is not shown that a partnership really existed, except for defendant's bare statement to that effect. There were no articles of partnership agreement filed in evidence, nor did defendant give the names and places of residence of its members, or even that of the partnership itself, if such really existed.

As to the correctness of the amount of the gas sold, the price, etc., as reflected by the itemized account attached to the petition, there is no dispute.

For the reasons assigned, we think defendant is personally liable. Our former decree is therefore vacated, recalled, and set aside,

and the judgment of the lower court is reinstated, affirmed, and made the final judgment of this court.