

Granzin & Harper of New Orleans, for appellants.

Alfred Grima, of New Orleans, for appellee.

**JANVIER, Judge.**

This matter comes before us on appeal from a judgment sustaining an exception of no cause or right of action, which exception was based on the fact that the plaintiff, a partnership, although it had alleged that the defendant, a corporation, in the transaction involved, had acted as agent, had not alleged that the said agent had failed to disclose its principal.

Plaintiff partnership, in its original petition, alleged that it had purchased from defendant a certain quantity of sugar, which, on delivery, had proved to be defective and not in accordance with the sample, in that "it contained foreign and deleterious substances, rendering it unfit and unsafe for human consumption * * *." To this petition defendant corporation, Gay, Sullivan & Co., Inc., filed a plea which it styled an exception of misjoinder, and therein stated that, in the transaction referred to in the petition, it (the defendant corporation) had "acted as a broker and agent of Slack Brothers, Inc., a corporation organized under the laws of the State of Louisiana, * * * who were the owners of the sugars sold, and this to the knowledge of the plaintiffs." When this exception was sustained, plaintiff partnership filed a supplemental petition in which it alleged that defendant corporation, in the sale of the sugar, "was then and there acting in the capacity of sugar brokers." Defendant corporation then filed an exception of no right or cause of action, which exception, as we have stated, was sustained.

Plaintiff, having appealed, maintains that a defense that, in a transaction from which such litigation results, the defendant acted as agent or broker for another, should be affirmatively made by the defendant; that there is no duty in plaintiff to allege and prove that such defendant acted as principal and not as agent; that neither is there a duty in plaintiff to allege and prove that

## DUMAINE et al. v. GAY, SULLIVAN & CO., Inc.

## No. 16363.

## Court of Appeal of Louisiana. Orleans.

## Dec. 14, 1936.

the said defendant acted as agent for an undisclosed principal.

Defendant-exceptor, on the other hand, contends that, since plaintiff has alleged that defendant has acted as broker or agent, the burden is on plaintiff to allege and show facts which would make the broker and agent liable personally; in other words, that the duty is on the plaintiff to allege that, though the defendant acted as broker or agent, it is personally liable for the reason that it did not disclose the name of the principal for which it acted. Counsel point to Corpus Juris, vol. 9, verbum "Brokers," in which, on page 675, appears the following:

"Sec. 157. A broker who enters into a contract without disclosing his principal assumes the principal's obligations thereunder, as against the other contracting party, and the latter may accordingly hold him responsible on the contract, unless, on learning the principal's name, he elects to proceed against him in preference to the broker. If the broker contracts in his own name, it is not sufficient to relieve him of liability as principal that the other party knows that he is a broker; nor is it sufficient to relieve him of liability that he discloses the fact that he is acting in behalf of another, where he does not in addition disclose the principal's name; and it is the custom in some lines of trade to hold the broker personally liable in such cases."

Counsel also cite various cases decided in Louisiana, to wit: Nott & Co. v. Papet et al., 15 La. 306; Pugh v. Moore, Hyams & Co., 44 La.Ann. 209, 214, 10 So. 710, 711. In the former case it is said that "a party to a contract who denies that he acted as principal must show that he made this known at the time of the contract, or allege and prove his agency at the trial"; and in the latter case appears the following:

"The agency must be disclosed, either at the time of the contract or on the trial, in order that he may be considered the broker, and relieved from all responsibility as principal."

In Chappuis & Chappuis v. Kaplan, 170 La. 763, 129 So. 156, 157, the court, referring to one who claimed that he had acted as agent, said:

"If he was acting for an undisclosed principal, he was personally liable."

Many other cases are cited as authority on this proposition. Defendant-exceptor

concedes that if it had been sued as principal and had defended on the ground that it had acted as agent for another, it would have been under the necessity of alleging and proving that it had acted for a disclosed principal.

■ But, when the question of whether defendant had acted personally and as principal had been put at issue by the first exception, plaintiff did not permit the matter to go to trial on that issue, but, apparently, at once conceded that the said defendant had not acted as principal and, in fact, alleged that the said party in the said transaction had acted "in the capacity of sugar brokers." It is well recognized and, in fact, is said in many judicial decisions, that a broker is an agent or mandatary who acts for another. See Pugh v. Moore, Hyams & Co., supra.

■ Thus, we find that plaintiff has alleged that the defendant corporation, against which personal judgment is sought, had, in the transaction involved, acted as agent for another. Having so alleged, plaintiff was under the absolute necessity of stating further facts which, if true, would make the agent liable personally; for instance that, though the said defendant corporation had acted as agent, it had not disclosed its principal and was therefore itself liable under the well settled rule of law to which plaintiff has directed attention. In other words, plaintiff might have sued defendant as principal and might thus have placed upon defendant the burden of defending on the ground that it had acted as agent for a disclosed principal, but plaintiff chose not to do so and, instead, sued defendant as agent and, having done so, must bear the burden of alleging and proving facts which would make the said defendant liable. It has not alleged any such facts and, therefore, has not stated a cause of action against the said agent.

It is said that we ourselves, in Dunn et al. v. Spiro (La.App.) 153 So. 316, 318, rendered personal judgment against an agent and this is true; but there the agent was the agent of the principal, who had deposited money with the agent and who sued the agent for the return of the money. The question involved and which we considered was not whether the principal might sue the disclosed agent of a third person, but whether the principal might himself sue his own agent for failure to carry out his mandate. We said:

"Of course, generally speaking, an agent for a disclosed principal may not be sued personally, and assuming arguendo that defendant did announce that he was acting for another and named his principal to the plaintiffs, the view most favorable to him, it is our opinion that the defendant was no more the agent of one than he was of the other party to the contract."

In Magnolia Petroleum Company v. Hawkins, 19 La.App. 821, 137 So. 588, 141 So. 389, is found a case which, unless clearly understood, might be construed as authority for the view that, where a party is sued as agent, the burden is on that party to allege and prove that the principal had been disclosed and that, therefore, the agent could not be held liable personally. There suit was brought on a contract which had been executed by J. P. Hawkins, trustee. Personal judgment was sought against Hawkins, and he contended that, since he had been sued as trustee, the burden should have been upon plaintiff to allege and prove facts which would make him liable personally. This contention was at first upheld by the Court of Appeal for the Second Circuit, but, on application for rehearing, the court considered the fact that the entire written contract had been attached to the petition and that the contract itself showed that the principal had not been disclosed and that, since the contract had been attached, it should be considered as a part of the petition and that, thus, the petition itself, when construed with the contract, could be interpreted as containing the allegation that the defendant, sued as trustee, had not disclosed the name of the principal for whom he had acted. The case, then, when carefully analyzed, becomes authority for the view which we have adopted, which is that a person sued in a representative capacity is not under the duty of alleging that the name of his principal had been disclosed, but that in such case the person claiming personal judgment against him and alleging that he had acted in a representative capacity must allege facts which would show that, though he acted in a representative capacity, his failure to name his principal rendered him liable personally.

It may be that, as a matter of fact, the principal was not disclosed and, if so, plaintiff's right to recover would be lost by its failure to allege a fact which, possibly, it might have alleged. Under such circumstances the more equitable rule adopted by modern practice requires that the matter be remanded in order that an opportunity may be. afforded to make the necessary amendment if the facts permit that it be made.

The question of whether a petition which does not state a cause of action may be amended has been the subject of much discussion in the courts of this state. The most recent decision on the subject is to be found in Reeves v. Globe Indemnity Company, 185 La. 42, 168 So. 488, 491, in which the Supreme Court after discussing the question of the possibility of amending a petition which did not state a cause of action, in effect, overruled certain earlier decisions, particularly West Orleans Beach Corporation v. Martinez, 180 La. 31, 156 So. 165, and held that such amendments might be made for the reason that to permit an amendment is "consonant with considerations of equity and the modern trend of liberality in upholding substantive rights instead of subtle technicalities." See, also, Messina v. Societe Francaise De Bienfaissance, etc. (La.App.) 170 So. 801, decided November 30, 1936 (not yet reported [in State Reports]). Possibly, if the principal was disclosed, plaintiff may have a cause of action against that principal and a right to proceed against it, but that is a matter with which we are not, in this litigation, concerned.

We feel that appellant should bear the costs of this appeal.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that this matter be and it is remanded to the civil district court for the parish of Orleans for further proceedings not inconsistent with the views herein expressed, and according to law; costs of this appeal to be borne by appellant; all other costs to await the final outcome of the matter.

Reversed and remanded.