## No. 9796.

### Mrs. A. H. Carter et al. vs. Madelaine Farrell et al.

A simulated sale is no sale. It is an absolute nullity. So where such pretended sale is even in the form of an authentic act or of a judicial sale, if it is accompanied by a counter-letter, or the possession of the alleged purchaser is precarious or not continuous and complete, a judgment creditor of the vendor may disregard the apparent title and seize directly, and if enjoined may, under proper pleadings, show by written or oral evidence the simulation charged.

As a general rule amendments to the pleadings should always be allowed in promotion of justice, where they do not change the issues nor cause delay.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe,* J.

---

*A. E. Billings* and *R. G. Harris* for Plaintiffs and Appellees:

When a person is in possession of real estate under an act, not void on its face, the question of fraud and simulation cannot be inquired into collaterally by commencing with a seizure, but the seizing creditor must resort to the revocatory action. Barbarin vs. Saucier, 5 N. S. 361; Weeks vs. Flower, 9 La. 385; Morton vs. Crosby, 14 La. 426; Kirkland vs. Bank, 1 Ann. 300; McAdam vs Soria, 31 Ann. 862; Willis vs. Scott et al., 33 Ann. 1027; Majors vs. Dennis, 35 Ann. 336; Johnson vs. Kingsland et al., 38 Ann. 249.

NEW ORLEANS, JANUARY, 1887. 103

Carter et al. vs. Farrell et al.

The revocatory action nor any evidence to sustain it can be offered without allegation of insolvency of debtor. Nieman vs. Condran, 34 Ann. 847; Long vs. Klein, 35 Ann. 384. Pleadings cannot be amended after case has been called for trial. Case vs. Watson, 22 Ann. 351; Spyker vs. Hart, 22 Ann. 534.

*B. R. Forman* for Defendants and Appellants:

A simulated title, even in the form of a judicial sale, may be disregarded by the judgment creditor of the real owner of the property, and the creditor may seize the property, and when enjoined may plead and prove the simulation by counter-letter or other sufficient evidence. Kimble vs. Kimble, 1 N. S. 633; Weeks vs. Flower, 9 L. 385; Hiriart vs. Roger, 13 L. 126; Cammack vs. Watson, 1 Ann. 135; Spurlock vs. Manier, 1 Ann. 306; Jonau vs. Dreux, 1 Ann. 364; Hobgood vs. Brown, 2 Ann. 323; Lindeman vs. Theobalds, 2 Ann. 913; Clark vs. Bank, 3 Ann. 326; Oglesby vs. Drake, 3 Ann. 640; Dawson vs. Holbert, 4 Ann. 36; Erwin vs. Bank, 5 Ann. 1; Hughes vs. Winfrey, 5 Ann. 668; Maxwell vs. Mallard, 5 Ann. 702; Emswiler vs. Burham, 6 Ann. 710; McMasters vs. Place, 8 Ann. 431; Dosson vs. Bieller, 10 Ann. 570; Simpson vs. Mills, 12 Ann. 173; Scully vs. Kearns, 14 Ann. 436; Gleises vs. McHatton, 14 Ann. 560; Austin vs. Da Rocha, 23 Ann. 46; McAdam vs. Soria, 31 Ann. 865; Willis vs. Scott, 33 Ann. 1026.

The opinion of the Court was delivered by

Todd, J. The plaintiffs having seized under a judgment against W H. Finnegan certain immovable property in the city of New Orleans, described in the pleadings, the sale of it was enjoined by Delia Farrell, who claimed to be the owner of it.

In the answer to her petition, plaintiffs denied her ownership of the property. They further averred, substantially, that the property was originally bought by the judgment debtor, Finnegan, and paid for with his own money on the 29th of May, 1875, but that he caused the title to be made to the third opponent, who lived with him at the time as his concubine. That this conveyance to her was a pure simulation, and that she executed and signed a counter-letter acknowledging the simulation, and that the real title was in Finnegan, which counter-letter was subsequently stolen and destroyed by her. Further, it was averred that Finnegan caused Delia Farrell to make a conveyance of the property to one Swinney, and subsequently had the property sold under a foreclosure of the special mortgage retained for a part of the price, and again had the naked title put in the name of this third opponent in the sheriff's deed, though Finnegan was the real owner and all the time in possession of the same.

There was judgment in favor of the third opponent, and plaintiffs have appealed.

On the trial of the cause, plaintiffs offered proof of the simulation charged, both with respect to the deed made to her in May, 1875, and the subsequent one at the sheriff's sale in May, 1877, and offered to prove the execution of the *counter-letter* and its destruction. This evi-

dence was rejected by the judge on objection made, substantially, to the effect that the third opponent having exhibited title to the property—the sheriff's deed—and possession under it, that it could only be attacked in a direct action, and that a direct seizure could not be made of the property in disregard of her title, and proof of its simulation offered collaterally.

In the argument of counsel, it was stated that the judge *a quo* was governed in his ruling on this question of evidence by the authority of Willis vs. Scott, 33 Ann. 1026.

We think he has extended the doctrine of that decision beyond its true limits.

We there laid down the general rule that immovable property held under a title translative of property, accompanied by actual delivery and continuous possession and control as owner, could not be directly seized by a creditor of the transferror; but we clearly indicated that for the application of this rule it was necessary that the possession and control should be "perfect and complete," and when there was any interruption or infirmity or ambiguity of the possession established, which tended to rebut the presumption of ownership and create an *indicium* of simulation, the rule would not apply.

We think in this case the evidence sufficiently shows such defect in the possession of the transferree—it appearing that Finnegan continued to administer the property, to rent it and collect the revenues, and though he acted as the assumed agent of his transferee generally, he did not in all cases observe even this precaution.

But we think it still more clear that the authority referred to does not apply where the transfer of the property was accompanied by a counter-letter. Such a document, if establishing clearly the simulation of the transfer, utterly destroys the effect of the transfer between the parties and makes it as if it had never been passed. It takes away all the reasons which support the general rule laid down in Willis vs. Scott, and leaves it entirely without application.

The rejection of evidence to prove the existence and contents of such a counter-letter, and its fraudulent destruction by the transferee, was error.

And in this connection, without deciding whether, under the peculiar circumstances of this case, it was necessary for the defendant—the seizing creditor—to allege injury to himself by this transfer, we think the judge *a quo* was clearly in error in rejecting the amended answer of the defendant, in which such injury was clearly charged by the averment, in substance, that it was the only property of his debtor out of

which his judgment could be satisfied. Thus concluding, the case must be remanded.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and the case remanded to be proceeded with according to law and the views herein above expressed; the cost of appeal to be paid by the third opponent, and of the lower court to abide the issue of the cause.