BRUNOT, Justice.
 

 This is an appeal, by the defendant, from a judgment in favor of the plaintiff and against the defendant, ordering specific performance of an agreement to purchase 202 acres of land, more or less, fronting on the shores of Lake Pontchartrain, and extending southerly 25,000 feet, more or less, and described as. V and Z respectively upon a map of the Fourth Jefferson drainage district, drafted by Allen Dusenburg, and dated April
 
 *34
 
 29, 1923. The contract contained the following clause, viz.:
 

 “The title to the above said property is approved by and is bonded by the Union Title Guarantee Company, Inc., of New Orleans, under Policy #17177 C, and is acceptable to Martinez.”
 

 The contract sued upon was entered into on July 21, 1930, and the act of transfer was to be passed before Severn T. Darden, notary, within thirty days from the date of the contract. Before the expiration of the thirty-day period, a ten-day extension thereof was granted by Martinez. On the evening of August 29, 1930, the notary mailed a letter to Martinez notifying him to be present in the notary’s office at 11:30 a. m. on the following day to take title to the property. At the time this letter was delivered at the defendant’s residence, he was out of the city and did not receive it until a later date. He thereafter refused to carry out the contract and this suit followed.
 

 The defendant excepted to the petition as not disclosing a cause of action. This exception is based upon the allegation in the petition that the plaintiff was ready to execute a deed to 100 acres of the land it had agreed to sell to the defendant, free and clear of all incumbrances, and upon the further fact that nowhere in the petition is it alleged that the plaintiff had title to, or is the owner of the property described in the contract, or that it intended to acquire said property. Doubtless because the excerpt from the contract quoted, supra, was considered ■ of more ' importance than we think it jsentitled to, the exception was overruled and the plaintiff was ordered to amend its petition.
 

 Issue was joined on the merits by the filing of an answer in which fraudulent representations and the concealment of facts, on the part of plaintiff, are charged, and other defenses of more or less serious import are alleged.
 

 We have reached the conclusion that the exception of no cause of' action should have been maintained. This conclusion obviates the necessity of passing upon any of the issues raised by the defendant’s answer.
 

 In a demand for specific performance of a contract, the plaintiff must allege his ability to comply with his obligations under the contract; otherwise, an exception of no cause of action presents a serious question for consideration. The filing of an exception of no cause of action to a petition fixes the then status of the pleadings, and the courts are not warranted in overruling the exception and ordering the plaintiff to amend the petition so as to state a cause of action. • The plaintiff’s remedy is to file a new suit. Our conception of the law is that a petition which does not allege a cause of action is, legally speaking, no petition, and hence it cannot be amended.
 

 For the reasons stated, the judgment appealed from is avoided and reversed and the suit is dismissed, the costs £Sf the, appeal to be paid by the appellee.
 

 O’NIELL, G. J., and OVERTQN,, J., dissent.