## PAYTON v. IDEAL SAVINGS & HOMESTEAD ASS'N.

### No. 14826.

Court of Appeal of Louisiana. Orleans.

April 15, 1935.

Edw. S. Spiro, of New Orleans, for appellant.

Pierre D. Olivier, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for damages. It is brought on behalf of an unemancipated minor. The original petition was filed by the mother of the injured minor, and it contains no allegation with reference to her qualification to represent the minor except an averment that she, the mother, is the widow of William Payton, the father. To this petition defendant excepted, challenging the right of the mother, unless further qualified, to represent the minor in litigation.

Subsequent to the filing of the exception, the mother, in a separate proceeding in the civil district court, sought and obtained an order appointing and confirming her as natural tutrix of the said minor. This action was taken upon her petition in which she alleged, not that her husband, the father of the said minor, had died, but that the said husband had abandoned her more than eleven years prior to the filing of the proceeding and that she had no knowledge since that time of his location.

After obtaining the judgment recognizing her as natural tutrix, the mother, in this proceeding, filed a supplemental petition, in which she recited that she had qualified as natural tutrix and declared that she had appeared in that capacity and sought recovery for the use and benefit of the minor.

Defendant does not challenge the right of the mother to qualify as natural tutrix under the circumstances, but protests that her action in qualifying came too late, that, when the exception to her capacity was filed, her status was fixed so far as this litigation is concerned, and that she should not have been allowed to amend or supplement her original petition after the filing of the exception. This contention results from defendant's interpretation of the decision of the Supreme Court in West Orleans Beach Corporation v. Martinez, 180 La. 31, 156 So. 165, 166, in which it was said that: " * * * A petition which does not allege a cause of action is, legally speaking, no petition, and hence it cannot be amended."

When the Supreme Court used this language, it repeated almost verbatim what had been said when the original opinion was rendered in the matter of Tremont Lumber Co. v. May et al., 143 La. 389, 78 So. 650, 652, for in that opinion appears the following: "* * * A petition upon which no judgment can be pronounced does not show a cause of action; and a petition which does not show a cause of action is, legally speaking, no petition, and hence cannot be amended."

In that case a rehearing was granted, and, when the matter was heard on rehearing, the court did not decide that the amendment should not have been permitted, but remanded the matter for trial on the merits.

It had always been our belief that for some time the jurisprudence of this state had established the doctrine that, where an exception of no cause of action is, based upon mere insufficiency of material allegation, the petitioner should be granted an opportunity to amend and to supply the deficiencies. In an article entitled "The Exception of No. Cause of Action in Louisiana," page 17, volume IX of Tulane Law Review, it is stated, on page 48, that our Supreme Court "for a period of a half-century freely permitted the plaintiff to amend his petition so as to disclose a cause of action which was not expressed in his original petition, even after the exception had been sustained." A reading of the same article shows that for a period of some forty-two years, from 1880 until 1922, this doctrine was not followed, and that, during that time, the rule seemed to be in Louisiana that, where a document purporting to be a petition fails to disclose a cause of action, it is no petition and cannot be amended. It further appears that, from 1922 until the appearance of the decision in the case of West Orleans Beach Corporation v. Martinez, supra, the liberal rule was followed almost without exception, and amendments were permitted "which work no injury and prevent useless delays and costs"—citing Le Blanc v. United Irrigation & Rice Milling Co. (1911) 129 La. 196, 55 So. 761; Davis v. Arkansas So. Ry. Co. (1906) 117 La. 320, 41 So. 587; Carter v. Farrell (1887) 39 La. Ann. 102, 1 So. 279; Meyer v. Farmer (1884) 36 La. Ann. 785.

It appeared, then, to be a departure from the established jurisprudence when the Supreme Court, in the Martinez Case, reverted to the doctrine which had been abandoned in 1922 and refused to permit the filing of an amendment. Nevertheless we would cheerfully accede to the views expressed by the Supreme Court in the Martinez Case if we felt them applicable here. But, conceding that a petition which does not state a cause of action is no petition and thus cannot be amended, we feel that there is a vast difference between a petition which does not state a cause of action and a petition which does state such a cause, but which is brought by a person in an improper capacity, or, rather, without qualifying in the necessary capacity. We were confronted with a status much like this when we considered the matter of McVay v. New Orleans Public Service, Inc. (La. App.) 148 So. 67, in which a suit on behalf of a minor was brought by his mother, who alleged that she had been judicially separated from the father of the minor, and who also alleged that the custody of the minor had been awarded to her, but who did not aver that she had qualified as the tutrix of the minor.

When, by exception, the right of the mother was challenged, we held that she should be afforded an opportunity to qualify as tutrix, and we remanded the matter in order that this might be done and that the mother might then make the required allegation. In the case at bar the facts are startlingly similar to those found in the McVay Case. There we remanded the matter for an amendment; here the amendment has already been made.

It may be that the amendment was not necessary. The case of Walder v. Walder, 159 La. 231, 105 So. 300, contains language which at least one of the members of this court construes as authorizing a mother, who is separated from the father and who is given the custody of the minor, to represent the minor in matters of this character without the necessity for qualifying as tutrix. This view is urged upon us by counsel for plaintiff, and in support of it he directs our attention to article 81 of the Civil Code, which reads as follows: "If a father has disappeared, leaving minor children born during his marriage, the mother shall take care of them and shall exercise all the rights of her husband with respect to their education, and the administration of their estate."

As interpretative of this article counsel cites Williams v. Pope Mfg. Co., 52 La. Ann. 1417, 27 So. 851, 852, 50 L. R. A. 816, 78 Am. St. Rep. 390, in which, according to the syllabus, which seems to set forth properly the views of the Supreme Court, it was held that: "In case the father of a minor daughter has disappeared, and abandoned the matrimonial domicile, the mother is authorized, under the law of Louisiana, to appear in court in her behalf, and assert her rights."

But, in any event, whether because the amendment was unnecessary or whether because necessary, it has already been properly made, the exception to the capacity of the mother was properly overruled.

When we approach the facts of the case, however, we find that the labor of investigating the legal status of the mother and her legal right to appear as the representative of the minor child and our conclusion that she has this right will avail the minor nothing, because the record leaves no room for doubt that the accident did not occur as plaintiff alleges. The child is said to have left a rear door of a building leased from defendant and to have stepped upon a porch adjacent to the door and to have fallen through a hole in the said porch; one end of a board having given way under her weight. The porch had been repaired only a short time before, and was shown to have been in splendid condition at the time of the accident. The testimony on behalf of plaintiff is not convincing and is contradictory, and falls far short of being sufficient to justify a reversal of the finding of the trial judge on the question of fact.

We are convinced that the injuries which the child sustained were sustained in some other manner, and not as the result of the giving way of the porch in question.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of plaintiff.

Affirmed.