**172 So. 6**

**DREWETT et al. v. CARNAHAN et al.**

No. 33920.

Jan. 4, 1937.

Joel L. Fletcher, of Colfax, for relatrix.

J. H. Williams, of Colfax, and Ward T. Jones, of Alexandria, for respondents.

O'NIELL, Chief Justice.

This suit was dismissed by the district court on an exception of no cause of ac-

tion. The Court of Appeal affirmed the judgment. The plaintiffs have brought the case here on a writ of review.

The reason given for the ruling that the petition of the plaintiffs did not disclose a cause of action was that they were suing as the heirs of a deceased person—Mrs. Louella Drewett Carnahan—and did not state directly what the relation between them and Mrs. Carnahan was. They alleged that they were the only heirs of Mrs. Carnahan, and made other allegations indicating that they were collateral relations of Mrs. Carnahan, and indicating indirectly exactly what the relation between them and. Mrs. Carnahan was. After the judge had sustained the exception of no cause of action, but before he had signed the judgment, the plaintiffs filed a motion for a new trial, and filed a supplemental petition, stating directly what the kinship between them and the deceased, Mrs. Carnahan, was, and at the same time they filed a motion to re-open the case in order that the supplemental petition might be considered. The judge allowed the supplemental petition to be filed, subject to the defendants' objection that it came too late. The judge afterwards heard argument on the motion of the plaintiffs for a new trial, on their motion to reopen the case for a consideration of the supplemental petition, and on the defendants' objection to the supplemental petition; and the judge took the whole matter under advisement. Some time afterwards the judge rendered his judgment, overruling the motion of the plaintiffs for a new trial and their motion for a reopening of the case, and at the same time the judge rejected the supplemental petition on the

ground that it was too late to file a supplemental petition after an exception of no cause of action was sustained, even though the judgment sustaining the exception was not yet signed. The judge then signed the judgment, declaring that the exception of no cause of action had been sustained on the date stated, and that it was therefore ordered, adjudged and decreed that the suit was dismissed as of nonsuit, at the plaintiffs' cost.

Our opinion is that the supplemental petition should have been considered, notwithstanding it was filed after the judge had sustained the exception of no cause of action. As a rule, a judge ought to allow a plaintiff an opportunity to supplement his petition, and thus to avoid a dismissal of his suit, when the judge sustains an exception of no cause of action merely because of a failure of the plaintiff to make an allegation of fact which, though not alleged, may nevertheless be true. It was never the law that a petition which does not state a cause of action is no petition at all and hence cannot be supplemented or amended. It was so declared in the case of Tremont Lumber Co. v. May, Assessor, et al., 143 La. 389, 395, 78 So. 650, in the original opinion rendered in the case; but on rehearing it was held in that case that the petition did state a cause of action. The expression used in the original opinion in that case was repeated in West Orleans Beach Corporation v. Martinez, 180 La. 31, 156 So. 165; but that decision was overruled in Reeves v. Globe Indemnity Co., 185 La. 42. 168 So. 488.

In fact, we doubt that it was necessary for the plaintiffs in this case to supplement

the allegations of their original petition with regard to their relation to the deceased, Mrs. Louella Drewett Carnahan, of whom they claim to be only heirs at law. Seven of the plaintiffs are named Drewett and three are named Buckner. The allegations in their original petition indicate very plainly that the seven Drewetts are the surviving brothers and sisters, and that the three Buckners are the only children of a deceased sister, of Mrs. Louella Drewett Carnahan, namely, Mrs. Ruth Drewett Buckner, who was the wife of A. J. Buckner. The facts in that respect are stated in the original petition thus: That Mrs. Louella Drewett Carnahan and all of the plaintiffs except the three Buckners, and the mother of the three Buckners, namely, Mrs. Ruth Drewett Buckner, deceased, wife of A. J. Buckner, were the only heirs of the deceased, W. J. Drewett and his wife, Mary Dean Drewett; that W. J. Drewett and Mary Dean Drewett were the parents of Louella Drewett Carnahan; that Mrs. Ruth Drewett Buckner, wife of W. J. Buckner, died, intestate, on the 21st day of December, 1926, leaving as her only heirs at law two daughters, Kathleen and Marie Buckner, and a son, Jack Buckner, who are three of the plaintiffs in this suit; that Mrs. Louella Drewett Carnahan, deceased, left neither ascendant nor descendant heirs; and that the plaintiffs are her only heirs. These allegations are not made in the order in which we have arranged them. In fact, the allegations are somewhat disconnected; but they are all in the original petition; and, in effect, they mean that the plaintiffs are the nearest surviving relations, and hence the only heirs at law—although they are only

the collateral relations—of Mrs. Louella Drewett Carnahan, deceased.

The plaintiffs alleged in their original petition that the defendants, of whom there are six, were the only surviving heirs of R. L. Carnahan, deceased, who was the husband of Mrs. Louella Drewett Carnahan. The defendants, before answering the suit, or entering any other plea, filed a prayer for oyer of certain documents, among them being the record of the proceedings had in the succession of W. J. Drewett and his wife, Mary Dean Drewett, who were the parents of Mrs. Louella Drewett Carnahan, and of all of the plaintiffs in this suit except the three Buckners, and who were their grandparents. The record was produced and filed promptly by the plaintiffs in response to the defendants' prayer for oyer. Thereafter, the defendants filed an exception of vagueness, complaining that the petition of the plaintiffs was vague in several particulars, which were specified, but making no complaint that the plaintiffs had failed to state directly or specifically their relation to the deceased, Mrs. Louella Drewett Carnahan. Obviously, the defendants considered that they were sufficiently informed, by the allegations of the petition of the plaintiffs, of their relation to the deceased, Mrs. Louella Drewett Carnahan. The judge, after hearing argument on the exception of vagueness, overruled it. It was more than a month afterwards when the defendants filed their exception of no cause of action. They filed then three pleas and their answer to the suit, all on the same day, but each plea being filed with reservation of the previous one—viz.: First, a plea of estoppel; second, pleas of prescrip-

tion; third, the exception of no cause or right of action; and, fourth, the answer to the suit. The exception of no cause of action is the only plea that was taken up or considered. In the supplemental petition which the plaintiffs filed promptly after the exception of no cause of action was sustained, and before the judgment was signed, they made the direct statement of their relation to the deceased, Mrs. Louella Drewett Carnahan, all in conformity with the allegations of the original petition. Our conclusion is that this supplemental petition, if necessary to make plain the allegations of the original petition with regard to the relation of the plaintiffs to the deceased, Mrs. Louella Drewett Carnahan, is entitled to consideration.

The judgment of the district court and of the Court of Appeal is set aside, and the case is ordered remanded to the district court for further proceedings consistent with the opinion now rendered by this court. The costs heretofore incurred in the Court of Appeal and in this court are to be borne by the defendants. All other court costs are to abide the final disposition of the case.