### HAAS et al. v. KENNEY.
### No. 1710.

Court of Appeal of Louisiana.   First Circuit.
May 6, 1937.

Boagni & Boagni, of Opelousas, for appellant.

Lewis & Lewis and Haas & Haas, all of Opelousas, for appellees.

OTT, Judge.

The plaintiffs, Mrs. Jeannette Roos Haas, the widow of Dr. J. A. Haas, and Mrs. Nathalie Haas Hirsch, allege that they own and are in possession of the east half of the west half of section 6, and the east half of the west half of section 9, lying north of Bayou Latannier, township 6 south, range 7 east, in St. Landry parish; that the defendant, Mrs. Charles D. Kenney, has slandered and defamed their title to a portion of said land by publicly claiming to own a portion of said lands by some sort of right or title, which does not exist, and said defendant has caused an ex parte map to be recorded in the records of St. Landry parish notifying the public that she owns a portion of said described lands; that the defendant, over their protest, erected a shack or hovel on a part of said property about one month prior to filing the suit; that the slander of their title by defendant was malicious and without probable cause, and they ask for damages in the sum of $500, and that defendant be ordered to desist from slandering their title, and that their title be decreed free from any cloud or doubt by reason of said slander.

The defendant in her answer averred that she was acting for her husband, Charles D. Kenney, a resident of California, under a written power of attorney in which he invested her with full authority to represent him in all matters in this state. She further averred that her said husband was the record owner of a strip of land 300 feet wide, extending from said Bayou Latannier

along the eastern part of said E. ½ of W. ½ of Sec. 6 and E. ½ of W. ½ of Sec. 9 for a distance of approximately 4,167 feet along the center line of said sections 9 and 6, and extending from said bayou on the west side of said strip in a northerly direction approximately 3,834 feet, which property her husband had acquired by good and valid title from the Krotz Springs Oil & Mineral Water Company, Limited, on March 5, 1923, wherein said property is described as lots numbered from 1 to 21 inclusive in block A of the village of Krotz Springs; also that part of said block between lot 21 and Bayou Latannier, all having a front on street of 200 feet and 300 feet deep. She denies that plaintiffs have possession of said strip of land, but she avers that she is in possession of said strip as agent for her said husband, the record owner. She admits that she recorded the map in the clerk's office of the parish showing her husband's ownership of said land, and she admits that she erected a small house on said strip of land owned by her husband, and that she completed said house on March 11, 1936, and has since occupied same as her home. As a part of her answer, she annexes the deed conveying the property to her husband, together with a sketch of the property showing its location and dimensions.

Defendant pleaded in bar of plaintiffs' suit their lack of possession to justify the bringing of the jactitation suit, and, in the alternative, pleaded the title of her husband and possession thereunder as a defense to the suit. On the day before the trial began defendant filed an amended answer in which she abandoned the alternative defense claiming ownership of the property, and relied solely on the main defense set up in her original answer by which we understand that she thereby undertook to pitch her defense solely on the lack of possession in plaintiffs to bring this kind of a suit, and the fact that she and her husband had possession of this part of the land.

Plaintiffs filed a plea of estoppel which was referred to the merits as it involved matters pertaining to the issues raised by the pleadings. Judgment was rendered in favor of plaintiffs as prayed for, except no damages were allowed. Defendant has appealed, and no answer has been made to the appeal. Therefore, the claim for damages is not before us.

From the answer, it is evident that the 300-foot strip of land claimed by defendant as agent for her husband lies in the west half of sections 6 and 9, the center line

of these two sections forming the eastern boundary of the strip. It appears that no part of the original plat of Krotz Springs lies west of this center line of these two sections and consequently these lots described by these numbers in the deed to defendant's husband could not be west of this center line, unless in a subsequent plat of the village, these lots were extended over this center line so as to include this 300-foot strip immediately west of the center line, as this center line of the two sections was the western boundary of Krotz Springs as shown on the original plat.

Plaintiffs show a title to this part of the west half of these two sections, through themselves and their authors in title, running back of the title by which defendant's husband claims to have acquired this 300-foot strip. It is therefore evident that, even though these lots making up this strip were platted and superimposed on the original map of Krotz Springs so as to extend the boundaries of the village over into the west half of these two sections, plaintiffs' title could not have been affected thereby.

By her amended answer and in her brief in this court, defendant has undertaken to limit the issues in the case to the question of possession vel non, of plaintiffs sufficient to give them the right to bring this suit in slander of their title. It is true that, where the defendant in a suit of jactitation, or slander of title, denies the possession of the plaintiff, a necessary requisite to bringing this kind of action, the defendant is not required to disclaim or assert title until the issue of possession on the part of plaintiff is determined. Fellman's Heirs v. Interstate Land Company, Ltd., 163 La. 529, 112 So. 405. However, in this case, while the defendant has attempted in her amended answer to thus limit the issues to the question of possession on the trial of the case she offered and filed in evidence the title to her husband conveying this strip of land, and further introduced in evidence maps and oral testimony by which she undertakes to identify the property conveyed in said deed. In other words, she has followed her original answer in her method of proof on the trial of the case, and, as she put at issue the title under which she claims to possess for her husband, we think the trial court correctly passed on both the titles and the possession.

The strip of land in controversy is open woodland, only partly capable of actual physical possession. On the southern end of the tract, between Bayou Latannier and

the paved highway, there have been some acts of actual physical possession. In 1915, Dr. Haas sold along with a larger tract, this part of this strip between the bayou and the present paved highway to John H. Andre, who, according to the testimony, took possession of this strip along with the other property purchased by him. In January, 1920, Andre reconveyed this property to Dr. Haas, who, on July 30, 1920, sold it to Mrs. Girard, widow of John Wood. Mrs. Girard, according to the testimony, took possession of this property and built a house for her tenants on this strip between the bayou and the present highway. In 1930, plaintiffs acquired at sheriff sale this property which had been sold by Dr. Haas to Mrs. Girard.

Plaintiffs, through their agents, collected rent on this house which was rented to various persons by them, with two or three acres of land under fence around the house, until just prior to the time this suit was filed. The last tenant to occupy the property for plaintiffs was Dewey Devellier who moved in the house about May, 1934, and paid rent to plaintiffs. This tenant moved out in April, 1936, just before this suit was filed. The cause of this tenant moving was a notice to vacate served on him by the constable, which notice had been issued by the justice of the peace at the instance and request of the defendant. Prior to that time defendant had notified this tenant to vacate the property as she claimed to own it. Some two months before Devellier moved off, the defendant began building a small house on the eastern part of this strip between the bayou and the present highway. After this little house was completed, the defendant moved in it and shortly thereafter had the notice to vacate served on Devellier who occupied the other house on this strip located near the bayou, a short distance from the house that defendant built on the land.

The property described in the deed to Charles D. Kenney was assessed to him under that description and the taxes paid thereon from 1925 to 1935, inclusive. The defendant attempts to show possession of this strip of land from 1923. It appears that about 1921 the small house was built near the Bayou Latannier by Loyd Waterhouse, son of Mrs. Girard, at which time Mrs. Girard owned the property which she had acquired from Dr. Haas as already stated. In 1922, one Georgie Smith moved in the house under permission from Water-

house. She states that when Chas. D. Kenney bought what was supposed to be this piece of land in 1923 from the Krotz Springs Oil & Mineral Water Company, Limited, she continued to occupy the house with the permission of Kenney. She paid no rent to him, but 'was permitted to stay in the house in order to take care of it. She admits, however, that she went in the house by permission of Mrs. Girard's son and she continued to look after his cattle and bees after Waterhouse moved from the land which his mother had bought from Dr. Haas. Mrs. Smith moved off the land in 1927.

Whatever may have been the condition of the occupancy of this house up to the time that plaintiffs acquired it in 1930, it remains a proven fact that from that time plaintiffs had possession of the tract of land and the old house through their tenants until their last tenant was forced to leave because of the notice that defendant had caused to be served on him. It is a fact that defendant had no physical possession of this property until she began building this little house on the land two or three months prior to the time the suit was filed. Plaintiffs up to that time had possession of the property.

■ The possession necessary to maintain an action for slander of title is the same kind of possession necessary to maintain a possessory action. Therefore, where plaintiff has not been deprived of his possession within the year, he may bring an action for slander of his title, even though, within the year, the defendant may have disturbed his possession. Wetherbee v. Railroad Lands Company, 153 La. 1059, 97 So. 40.

■ We are satisfied that plaintiffs had sufficient possession to justify them in bringing this action. As defendant has failed to show a better title than plaintiffs, they are entitled to the relief which they seek.

■ In their brief, defendant's counsel stress the plea of prescription. Assuming that the title set up by defendant is sufficient to support the ten-year prescription (and we do not think it is sufficient), yet defendant has not proven possession under the title to serve as a basis for this form of prescription. As we have already stated, the plaintiffs had possession of the property from 1930 when they acquired it, whatever may have been the nature of the possession from 1923 to 1930. Even if de-

fendant had had possession from 1923 to 1930, it would not have been sufficient to prescribe under the title.

For the reasons assigned, it is ordered that the judgment appealed from be affirmed at the cost of appellant.