## LEDET v. LEDET.

### No. 2062.

Court of Appeal of Louisiana. First Circuit.

Dec. 20, 1939.

552

Carroll Montet, of Thibodaux, for appellant.

Pugh & Lanier, of Thibodaux, for appellee.

OTT, Judge.

Plaintiff alleges in his petition that the defendant is indebted unto him in the sum of $845 as a result of the malicious slander by the defendant of plaintiff's title to a tract of land on the right bank of the Bayou Lafourche measuring 1½ arpents by 40 arpents located five or six miles below the town of Thibodaux; that he acquired said land by valid title on the 15th day of September 1938, which title is duly recorded; that he has been in possession of said property since his acquisition of the same; that it was the custom of his authors in title (his father and mother) to rent the field portion of said property to Mr. Sam Marcello, who had leased said portion of the property for several years; that plaintiff had agreed to enter into the same kind of lease with Marcello as the latter had entered into with his father and mother, and the said Marcello had agreed to complete clearing the land to its depths for planting purposes and to cut the timber thereon, with the understanding that plaintiff and Marcello were to share equally in the value of the timber, which timber it is alleged would have been worth $500 to each; that Marcello advised plaintiff in January, 1939, that he was hesitant about leasing said land and cutting the timber thereon as he was told by the defendant that plaintiff's title to the land was not valid and that he, Marcello, had better not cut the timber thereon; that as a result of the slander of his title by the defendant, he was unable to have the timber cut thereon and the land cleared for cultivation, and his opportunity for renting the land to Marcello was jeopardized because of the slander of the title by defendant and because of his setting up a claim to part ownership of the land.

The damages which plaintiff claims to have sustained by reason of the slander consist of attorneys fees in the sum of $150, loss of sale of timber $500, loss of rent on land that was to be cleared $70, and loss of rent on land already cleared $125, a total of $845. The prayer of the petition is that the defendant be ordered to establish his pretenses of ownership; that in default of his doing so, that judgment be rendered perpetually enjoining him from disturbing plaintiff in his possession of the land, and condemning the defendant in damages in the amount set forth above.

The defendant filed an exception of no cause or right of action which was sustained and plaintiff's suit was dismissed. From this judgment, plaintiff has appealed.

The exception was sustained on the ground that the plaintiff did not allege in his petition that he and his authors in title had been in possession of the property for more than a year prior to filing the suit. The suit was filed in January, 1939, some four months after he acquired the property, and he alleged that he had been in possession of the property since his acquisition of same.

Counsel for plaintiff contends that, in an action of slander of title, the plaintiff is not required to allege and prove that he has been in possession of the property for more than a year as is the case in a purely possessory action. The trial judge held that, as the action of jactitation or slander of title is a form of the possessory action, under the jurisprudence of this State, the plaintiff must allege and prove possession for more than a year to the same extent as is required in a possessory action.

We agree with the trial judge in his conclusion that the jurisprudence of this State has so assimilated the action of slander of title to that of a possessory action that it is necessary for a plaintiff in the former kind of action to allege and prove possession for more than a year. Several decisions seem to hold, either directly or by inference, that such an allegation of possession is necessary to support the jactitation action, among them being those in the cases of Matthews v. Slattery, 126 La. 120, 52 So. 238; and Albert Hanson Lumber Company v. Mestayer, 130 La. 688, 58 So. 511.

In the case of Haas et al. v. Kenney, La. App., 174 So. 118, 120, we said:

"The possession necessary to maintain an action for slander of title is the same kind of possession necessary to maintain a possessory action. Therefore, where plaintiff has not been deprived of his possession within the year, he may bring an action for slander of his title, even though, within the year, the defendant may have disturbed his possession."

We cited as authority in the above case the decision of the Supreme Court in the case of Wetherbee et al. v. Railroad Lands Company, Ltd., et al., 153 La. 1059, 97 So. 40, and we again followed the same ruling in the more recent case of Brashears et al. v. Chandler, La.App., 183 So. 546.

While the allegation in the petition to the effect that plaintiff's authors in title had rented the field portion of the property for several years might give rise to an inference that these ancestors in title had possession of the property for several years, which possession was continued in plaintiff, we think the allegation of possession on the part of plaintiff and his authors in title should be made more specific in order to admit proof on the question of possession for the necessary length of time.

While we think that the exception was properly sustained, yet we do not think plaintiff's suit should have been dismissed. Where a petition is defective because of the failure to allege a necessary fact which may be proved, although not alleged, the proper action for the court to take when an exception of no cause or right of action is filed to such petition, is to permit the plaintiff to amend his petition so as to supply the necessary allegation of fact. Such an amendment may be allowed after the exception is filed and even after it has been sustained. Drewett et al. v. Carnahan et al., 186 La. 243, 172 So. 6; Beneficial Loan Society of New Orleans v. Strauss et al., La.App., 148 So. 85.

For the reasons assigned, it is ordered that the judgment appealed from be affirmed insofar as it maintained the exception of no cause or right of action for necessary allegations of possession in plaintiff and his authors in title; that insofar as said judgment dismissed the plaintiff's suit, the same is hereby avoided and reversed, and the case is hereby remanded to the district court to permit plaintiff to amend his petition within such reasonable time as the trial judge may fix, in order that plaintiff may set forth such facts relative to his possession of the property and that of his authors in title as he may be able to plead in that respect, and that the case be proceeded with according to law and the views herein expressed; defendant, appellee, to pay the cost of the appeal, and all other costs to await the final termination of the cause.