**BURGLASS v. BURGLASS et al.**

**No. 16835.**

Court of Appeal of Louisiana. Orleans.

Jan. 22, 1940.

M. C. Scharff, of New Orleans, for appellant.

Dufour, St. Paul & Levy and Anna Judge Veters, all of New Orleans, for appellees.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of no cause of action.

The petition alleges in substance that Joseph Burglass, the plaintiff, was injured on June 22, 1931, while a passenger in a Studebaker automobile driven by Milton Burglass, when the automobile overturned on the Public Highway near Elizabethtown in the State of Kentucky; that the accident occurred through the fault of the driver of the automobile and that the General Accident, Fire & Life Assurance Company, Ltd., of Perth, Scotland, doing business in the City of New Orleans, had issued a liability policy covering the automobile in which Burglass was riding at the time of the accident. Milton Burglass and the insurance company were made defendants and the sum of $16,500 claimed as damages for physical injuries.

In response to a prayer for oyer the defendant insurance company produced its policy from which it appeared that A. Burglass, the father of Joseph Burglass, the plaintiff, and Milton Burglass, the co-defendant, was the assured. According to the terms of the policy its coverage did not extend to the use of the car by anyone except "the name assured" unless it was used "with the permission of the named assured" or "with the permission of an adult member of the named assured's household other than a chauffeur or domestic servant". Of course, it is an indispensable condition to the liability of the insurance company that the accident should happen under circumstances mentioned in the policy. In other words, that it should be within the coverage. Plaintiff's petition not having alleged that Milton Burglass, the operator of the automobile at the time of the accident, had obtained the permission of the assured, or of an adult member of his household, is defective, but plaintiff should have been permitted to amend, and, by supplemental petition, make the necessary allegations if such allegations were consistent with the facts.

Plaintiff's counsel informs us that when the exception was called for trial he requested the permission of the Court to file an amended and supplemental petition. This, the Court erroneously, we believe, refused to allow him to do, and, rendered judgment dismissing plaintiff's suit.

There was a time in this State when a petition which failed to disclose a cause of action could not be amended because as Judge Provosty stated in Tremont Lumber Company v. May, 1918, 143 La. 389,

78 So. 650, 652, "a petition which does not show a cause of action is, legally speaking, no petition, and hence cannot be amended." But beginning with the case of James v. City of New Orleans, 151 La. 480, 91 So. 846 decided in 1922, the rule, with the exception of a brief period of recurrence to the former jurisprudence (West Orleans Beach Corporation v. Martinez, 180 La. 31, 156 So. 165), has uniformly permitted amendments even in the appellate court. Reeves v. Globe Indemnity Company of New York, 185 La. 42, 168 So. 488, overruling West Orleans Beach Corporation v. Martinez, supra; Unity Plan Finance Company v. Green, La.App. 148 So. 297; Iberville Trust & Savings Bank v. City Cafe, La.App. 150 So. 95; Harris v. Louisiana State Normal College, 18 La.App. 270, 134 So. 308, 138 So. 182; Self v. Great Atlantic & Pacific Tea Company, 178 La. 240, 151 So. 193.

It may be and indeed it seems likely that Milton Burglass, the son of Abe Burglass, had obtained the permission of his father or mother to use the automobile. Perhaps Milton Burglass himself is an adult member of his father's household, and, if so, it would seem that his use of the car would be covered by the policy, which requires the permission of an adult member of the assured's household.

Plaintiff's counsel insisted in the court below and in this court that he was prepared to make the necessary allegations and he should have been given an opportunity to do so.

■ It is also contended, as an additional reason for the maintenance of the exception of no cause of action, that Act No. 55 of 1930, which permits a direct action by an injured person against the insurance carrier, is void because it is violative of Section 16 of Article III of the Constitution of Louisiana of 1921 in that its text is broader than its title. However, as we have heretofore held, this Act does not violate the constitutional provision relied upon. Rossville Commercial Alcohol Corporation v. Dennis Sheen Transfer Company, Inc. et al., 18 La.App. 725, 138 So. 183. Nor is there anything, in our opinion, in Bougon v. Volunteers of America, La.App., 151 So. 797, 802, where we said that Act No. 55 of 1930, which amended Act No. 253 of 1918, "greatly increased the privilege of the injured person by conferring a right of direct action against the insurer without the necessity of establishing the bankruptcy of the insured and in advance of the securing of a judgment against it by joining the assured and the insurance company in the original action, or by suing the insured alone, or the insurer alone", which conflicts with our holding in the Rossville case.

The fact that the privilege given the insured party by the original act of 1918 had been greatly increased, and his right of action against the insurer facilitated, does not require special mention in the title, since it is only necessary that the object of the law be indicated by the title. The object of Act No. 55 of 1930 is to permit a party injured by an automobile covered by an insurance policy to bring a direct action against the insurer and since that object is clearly stated in the title, the requirement of the constitutional provision relied upon has been met.

In Jackson v. Hart, et al., 192 La. 1068, 190 So. 220, 221, the Supreme Court said:

"Section 16, Article 3 of the Constitution of 1921 provides that:

"'Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.'

"Under corresponding sections in preceding constitutions, it was required that the object of the law be 'expressed' in its title. The effect of the changing of the wording of the constitutional provision was to relax the previous requirement that the statute must 'express' its object, so now all that is required is that the title of the statute should be 'indicative' of its object. The constitutional provision must be construed broadly rather than narrowly with a view of effectuating, not of frustrating, the legislative purpose."

For the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and it is now ordered that this case be and it is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.

McCALEB, Judge (concurring).

I fully agree with the reasons given by my colleagues in reversing the judgment appealed from and remanding the case for the purpose of permitting plaintiff to supplement this petition. I am, however, unwilling to concede that the petition is de-

.fective ·or that it fails to state a cause of .action against the General Accident, Fire & Life Assurance Corporation, Ltd.

The plaintiff alleges, in substance, that the General Accident, Fire and Life Assurance Corporation, Ltd., had issued a policy of liability insurance on the automobile in which he was riding and that, under the terms of that policy, it became liable for the injuries he received as a result of the driver's negligence. The policy, which was produced in response to a prayer for oyer, exhibits that it was issued to A. Burglass, the father of the driver of the automobile, and that the insurer obligated itself to indemnify the named assured and any other person operating the vehicle with permission and consent of the named assured against liability imposed upon them by law· for bodily injuries sustained by third persons as a result of the negligent operation and use of the automobile.

The argument of the insurer on the exception of no cause of action is that, since the policy reveals that it was issued to A. Burglass whereas the petition alleges that the car was being driven by his son, Milton Burglass, at the time of the accident, it is liable to plaintiff only in the event it is alleged and proved that Milton Burglass was driving the car with the consent of his father and that plaintiff's injuries were due to the negligent operation of the vehicle.

It seems to me that the question as to whether Milton Burglass had the permission of his father to use the automobile involved in the accident is properly a matter of defense which should be raised ·by the insurer in its answer. I feel that it is exacting too much of the plaintiff to require him to allege that such permission had been granted by A. Burglass to Milton Burglass because he is obviously not in a position to know whether such is or is not the case. If it is incumbent upon the plaintiff to charge that Milton Burglass had the permission of his father to use the automobile in order to state a cause of action against the insurer, it will be necessary for him to submit evidence in proof of that averment to sustain his case. This places him at a serious disadvantage because it does not seem likely that he has or should have any knowledge concerning those facts.

It strikes me that some reasonable rule should be adopted by the courts with respect to this type of case. Here, the defendant has issued a policy covering the owner of the car against legal liability for injuries received by third persons as a result of the negligent operation of the vehicle. It has also insured, under the omnibus clause of the policy, all persons driving the car with the consent of the owner. Why should a plaintiff, who is injured by the negligence of the driver of a vehicle, be required to allege that the automobile was in charge of a person who had the permission of the owner to use it when the chances are that he has no knowledge whatsoever on that subject? The insurance company in such instance is invariably in possession of the true facts and it is my conviction that any question concerning the lack of permission to the driver of the car from the owner should be set forth by the insurer as a special defense in the case.

This court has recently had occasion to decide a case which I believe fully demonstrates the soundness of my position in this matter. In Bates v. Hayden, National Casualty Co., La.App., 188 So. 751, 753, the plaintiff alleged that the automobile, which was being driven by an employee of the defendant Hayden, had been insured against public liability by the General Accident, Fire and Life Assurance Corporation, Ltd. (the same defendant appearing in this suit). The allegations of plaintiff's petition were denied in the answer of the insurer. On the trial of the case, the liability policy, which was produced upon plaintiff's request, exhibited that it had been issued to Riverside Lumber Company, Inc., and not to Hayden as charged in the plaintiff's petition. The insurer, on appeal of the case to this court, sought to be exonerated in the matter on the ground that plaintiff had failed to prove the allegations of his petition. We rejected the contention in the following language:

"We find no substance in the argument. Act No. 55 of 1930 permits an injured plaintiff to bring a direct action against the insurer of the vehicle and the latter has the right to assert all lawful conditions contained in the policy in the same manner as if the suit had been filed against it by the named assured. There was no necessity for the plaintiff to join the owner of the truck as a party-defendant and his allegation that the policy was issued to Hayden may be treated as surplusage. The only matter of importance is that the defendant insurer issued a public liability

policy by which it agreed to indemnify all persons legally responsible for the negligent operation of the truck. This is its agreement and, as Barrett is an 'Additional Assured' under the omnibus clause of the policy in evidence, it cannot be heard to say that it is being sued on a contract it did not make merely because the plaintiff alleged, on information and belief, that the policy was issued to Hayden when it was made in the name of Riverside Lumber Company, Inc. Moreover, we cannot see that the defendant insurer has been prejudiced in any manner as a result of plaintiff's erroneous averment. After all, it issued the policy and it was in a better position than plaintiff to know the terms and conditions of the contract. It has not only insured the Riverside Lumber Company, Inc., but has also contracted to protect the defendant Barrett who was operating the truck under the instructions, and with the permission, of the named insured."

Since it is my opinion that the judge of the lower court was in error in maintaining the exception of no cause of action, I respectfully dissent from the majority opinion maintaining the district court on that point but I concur in the decree which reverses the judgment and gives plaintiff an opportunity to supplement his petition.