The plaintiff brought this suit in his own proper person against Stephen D. Pool, Mrs. Mildred Pool Farrell and Mrs. Jeanne Pool D'Aquin to recover from them individually and in solido the sum of $766.28, with legal interest from judicial demand. In substance the allegations of his petition are as follows:
He, together with the three named defendants and Mrs. Isabelle Pool Jarreau, were the stockholders of the holding corporation, S.D. Pool Realty Co., Inc.; that said corporation is now liquidated; that on December 30, 1938, the said Stephen D. Pool, with the concurrence and ratification of the other two defendants, directed the Times-Picayune Publishing Company to withhold the payment of dividends then owing to the Pool Company in the sum of $4,200; that this action on the part of said Stephen D. Pool and the other two defendants was part of a conspiracy, scheme, device and plan by which the three defendants gained control of the Pool Company for their own advantage and to the disadvantage of plaintiff and the other stockholder, Mrs. Jarreau; that the three defendants comprised the Board of Directors and officers of the Pool Company elected at a meeting of the stockholders held on or about January 3, 1939, and received the dividend from the Times-Picayune Publishing Company on or about January 13, 1939; that the Pool Company, being a personal holding company as defined in the Revenue Act of Congress of 1938, became liable for a surtax for the year 1938 because of the failure of the Directors to distribute the 1938 earnings of the corporation of which the dividend accruing from the Times-Picayune Publishing Company was a part; that plaintiff, as a stockholder, was compelled to pay to the U.S. Government the sum of $766.28 as his 20% share of the said surtax assessed against the Pool Company after its liquidation, all of which was caused by the ineptness, lack of skill, malfeasance, neglect, actionable deceit and fraud on the part of the defendants.
All three defendants filed exceptions of no right or cause of action and a plea of one-year prescription. The trial judge sustained the exceptions of no cause or right of action insofar as the defendants were sought to be held liable in their capacity of directors of the Pool Company for the reason that the petition did not show that the three defendants were guilty of any wrongful acts in their capacity as directors for which they could be held liable; that the mere failure to declare and distribute a dividend in 1938 to avoid the payment of the surtax imposed on the corporation for that year was not in itself such a wrongful act as would render the defendants liable; that the allegations of conspiracy and fraud on the part of defendants to get control of the corporation show that such acts, if any were committed, took place before they were elected directors in January, 1939, and were not acts in their capacity as directors but merely as stockholders. The plea of prescription of one year was sustained as to the alleged wrongful acts of the defendants in their individual capacity for the reason that these acts were in the nature of a tort and had prescribed as more than a year had elapsed when the suit was filed.
The plaintiff has appealed and has presented a rather long brief in this court in his own behalf from which it appears that he has considerable knowledge of legal *Page 134 
procedure, as well as a fairly definite idea of what he considers his legal rights. There are some statements in the brief referring to the trial judge and counsel for the defendants which are improper and should be expunged from the record were it for the fact that plaintiff is not an attorney and might not be fully aware of the impropriety of the statements which he makes and for which we find no justification in the record.
In his brief plaintiff makes the statement and annexes certain documents to show that the defendants were directors of the Pool Company on December 30, 1938, when it is alleged that S.D. Pool, with the concurrence and ratification of the other defendants, ordered the Times-Picayune Publishing Company to withhold the dividend due the Pool Company. He also annexes to his brief what purports to be a photostatic copy of the letter written by S.D. Pool to the Times-Picayune Publishing Company on December 30, 1938. This letter is addressed to the Times-Picayune Publishing Company and reads as follows:
"In the month of June 1938 you received conflicting instructions in regards to the address to which you were to send dividend checks and all other correspondence to the S.D. Pool Realty Co., Inc.
"I am therefore requesting for your protection and ours that you hold any and all checks etc., until you have received instructions and a certified copy of the meeting for the election of officers and directors of this corporation which is to be held Jan. 3, 1939.
"These instructions will be signed by the Vice-President and Secretary jointly."
"(Signed) S.D. Pool Realty Co. "Stephen D. Pool, "Vice-President."
From copies of documents annexed to plaintiff's brief it appears that he was Secretary of the Pool Company in 1938 and S.D. Pool was vice-president and the other two defendants were directors. It is apparent that a dispute arose sometimes during 1938 between plaintiff on the one hand and the defendants on the other, and it is reasonable to assume that the letter quoted above was a result of that dispute among the officers and stockholders of the company.
If plaintiff is able to allege all these facts, and if, after he alleges them, his petition would then state a cause of action he should be given the opportunity to make these allegations in an amended and supplemental petition. Where an exception of no cause or right of action is filed to a petition because of the lack of sufficient allegations of fact to set out a cause of action and it appears that the plaintiff may allege and prove the facts necessary to show a cause of action, the exception should not be sustained and the suit dismissed, but the plaintiff should be permitted to amend his petition so as to set out a cause of action. Drewett et al. v. Carnahan et al., 186 La. 243,172 So. 6.
It is therefore necessary to determine whether or not if plaintiff can and does amend his petition so as to set out the facts and circumstances above mentioned, his petition would then state a cause of action. His petition would then show that the defendants were directors and officers of the Pool Company when the letter was written to the Times-Picayune Publishing Company directing that company to withhold payment of the dividend due the Pool Company until after the election in January, 1939, for the purpose, as the petition alleges, of permitting the defendants to get control of the company so that they (as might be inferred from the letter) might then advise the Times-Picayune Publishing Co. of the proper address to which the dividend should be sent.
If plaintiff can allege the facts above mentioned, his petition would set out a cause of action. He would have to prove, of course, that the letter which the defendants wrote or concurred in writing to the Times-Picayune Publishing Company on December 30, 1938, was the cause of that company's failure to send the check before the end of 1938; that the Pool Company would have gotten the dividend in 1938 in time for it to be declared and distributed in 1938 had it not been for the letter, and that the defendants as directors could have made the distribution in 1938 so as to avoid the surtax. Plaintiff states in his brief, but did not allege in the petition, that the defendants were aware of the fact that in 1936 and 1937 the Pool Company did distribute its earnings during these years to avoid this surtax, and the defendants knew that the earnings of 1938 had to be distributed during that year to avoid the tax.
The directors and officials of a corporation stand in a fiduciary relationship to it and are required to discharge *Page 135 
the duties of their respective positions in good faith, and with that diligence, care, judgment and skill which ordinarily prudent men would exercise under similar circumstances in like positions. Act No. 250 of 1928, § 36. If the defendants were directors of the corporation when the payment of the dividend due the corporation in 1938 was held up because of the letter which they wrote or concurred in and this delay resulted in subjecting the company to the payment of the surtax and was done by them for the purpose of getting control of the corporation in the election held in January, 1939, it could hardly be said that they acted in good faith, or with that judgment and care required of them by law, particularly if they knew that these earnings of the corporation had to be distributed in 1938 to avoid the tax.
Directors are not liable for mere errors of judgment on their part where they act in good faith. They are only required to exercise reasonable care and diligence and act in good faith. But they are liable for wilful neglect of duty, gross negligence or their fraudulent breach of trust. 19 C.J.S., Corporations, § 764, p. 112 et seq.; 13 Am.Jur., Corporations, Section 992, p. 945 et seq.
The point is made by counsel for defendants that the bare allegations in the petition that the Pool Company is a holding company and was liable for the surtax is only a conclusion of law; that the facts which make the company a holding company as defined in the Revenue Act of 1938 should have been alleged. We do not agree with this contention. There are numerous provisions in the Revenue Act of 1938 from Section 401 to Section 411, 26 U.S.C.A. Int.Rev.Acts, pages 1129-1138, which define a holding company and provide the basis on which the surtax is to be computed. It would require many complicated allegations to set out all the facts necessary to show that the Pool Company was a holding company and liable for the surtax in 1938. Of course, plaintiff must prove that he paid his part of this tax and that the tax was properly assessed and levied against the company for 1938 earnings.
If the petition is amended to set out the facts mentioned above, the plea of one-year prescription would not be good, for the reason that the relation between the defendants as directors and plaintiff as a stockholder was a fiduciary relationship and their duty to him was a special duty and not one which they owed to the general public. The prescription of ten years and not that of one year would apply. Dawkins v. Mitchell et al.,149 La. 1038, 90 So. 396.
We are of the opinion that the ends of justice would be met by permitting the plaintiff to amend his petition so as to set out such facts as may be in his possession relevant and necessary to his cause of action. The present tendency is to give a litigant his day in court and relax the rules of technical pleading. Whether or not plaintiff will be able to prove facts sufficient to hold the defendants liable for the loss he claims to have sustained by reason of their acts can be determined after the facts on both sides are heard.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby reversed and avoided, and it is now ordered that the case be remanded to the District Court and that plaintiff be permitted to amend his petition along the lines herein indicated, the case then to be proceeded with according to law and the views herein expressed; provided, the said amendment be filed within sixty days from the time this decree becomes final, otherwise the suit to stand as dismissed. Defendants are to pay the cost of the appeal, and all other costs to await the final termination of the case. *Page 136